889 So.2d 1055 (2004)
Eugene WILLIAMS
v.
MARITIME, INC.
No. 04-CA-625.
Court of Appeal of Louisiana, Fifth Circuit.
November 30, 2004.
*1057 T. Carey Wicker, III, New Orleans, LA, Michael P. Ciaccio, Gretna, LA, for Plaintiff/Appellee.
John F. Young, Metairie, LA, Thomas J. Wagner, Jr., Thomas A. Rayer, Jr., New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS and WALTER J. ROTHSCHILD.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by SeaRiver Maritime, Inc., defendant-appellant, from a $767,983.50 judgment in favor of Eugene Williams, plaintiff-appellee, in this Jones Act /maritime law action. Williams has answered the appeal. For the following reasons we amend the judgment to specify that prejudgment interest is awarded only on past damages and that only 50% the $300,000 general damage award is to be used in calculating the total of past damages. In all other respects the judgment is affirmed.
The undisputed facts are these. Williams had worked in the maritime industry for over twenty years, the last seven of which were with SeaRiver as an able seaman aboard its tanker ship the S/R CHARLESTON. He was considered an exemplary worker. On August 5, 1998, the vessel was docked on calm waters. Williams was doing water blasting and painting chores and decided to go on deck for a break. As he was descending a small stair of four treads he lost his footing and fell. During the fall his right foot got caught between two of the treads and he broke his right leg. It was shown at trial that the stair was not properly designed.
Williams underwent surgery to straighten the broken bones and was discharged from the hospital after ten days with numerous metal pins in his leg bones which were attached to an external brace. The apparatus was surgically removed about three months later, but he continued with painful physical therapy for an additional four months. He reached maximum cure in July of 1999, and was discharged by his treating physician. He has a permanent disability which precludes him from returning to his prior employment as a seaman. It was stipulated that SeaRiver paid all maintenance and cure (which included medical costs) and that plaintiff is receiving $1,432.50 per month in disability benefits.
After a bench trial, the judge found that the stair was defective in that 1) the treads were not of uniform height, 2) the rails were too high, and 3) the rails were not parallel to the incline of the treads. He noted that had the stair been properly designed the accident may have been prevented. He further found, however, that because Williams had used the stair numerous times before, he was 15% negligent in the fall.
Damages were awarded as follows:

General damages $ 300,000
Past Wages $ 206,054
Future Wages 691,492
Credit for Disability Payments ($ 294,036)
Total $ 903,510
Defendant's 85% Fault x .85
Total Award $767,983.50

Interest was awarded from the date of the accident on all damages.
*1058 SeaRiver now appeals contesting the finding of liability, the apportionment of fault, plaintiff's residual ability to work, the amount of damages, and the allocation of interest. Williams has answered the appeal also contesting the allocation of fault.
SeaRiver's first four assignments of error relate to the finding of liability. Plaintiff sought relief under the Jones Act, 46 U.S.C.App. § 688, and the unseaworthiness provision of general maritime law. In Vendetto v. Sonat Offshore Drilling C., 97-3103 (La.1/20/99), 725 So.2d 474, the court reviewed the elements of these two theories of recovery and noted the following. The Jones Act requires that there be some negligence on the part of the defendant which caused the injury. The unseaworthiness claim, on the other hand, only requires a showing that there was some defective condition in the ship, its equipment or its appurtenances which caused the injury.
In the present case the defendant does not contest the finding that the stair on which plaintiff fell was improperly designed. It argues instead that the trial judge based liability on a finding of Jones Act negligence, but there was no evidence to establish such negligence. It points out that it did not design or construct the stair. Further, it notes that it had no reason to think the stair was defective because it had been installed on the vessel at issue here when it was built at Avondale Shipyard in 1983, and no one had ever been injured on it during the life of the vessel.
While this argument seems plausible, it is based on a misreading of the reasons for judgment. There is no mention of Jones Act negligence by the trial judge, nor is there any mention of unseaworthiness. The findings of the judgment are that the stair was defectively designed and plaintiff was injured on this defective stair. This is clearly a finding that there was an unseaworthy condition on the vessel and therefore if it contributed to plaintiff's accident then SeaRiver is liable.
SeaRiver also argues as to this latter point that the findings are not that the defect more probably than not caused the accident, but only that it "may" have prevented it. The evidence concerning the incident came solely from plaintiff's recitation of the events. He said that he was coming down the stair and "due to the height of the railing and the awkward position of the railing, somehow or other, I lost my balance." He added that he was not able to catch himself while falling, again because of the height and awkwardness of the railing. It is apparent that the trial judge believed this testimony, and it is equally clear that it establishes that the defect in the rail design was a causative factor in plaintiff's injury. Although the judge did state in his reasons that the injury "may have been prevented" had the design been proper, we do not construe this language to mean that the design was not causally related to the injury. We therefore affirm the finding of liability.
The next issue relates to the apportionment of fault, which both parties contest. Like all factual findings the standard of review of comparative fault allocations is that of manifest error. Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985). Watson also listed a number of factors to be considered in determining the portion of fault attributable to the parties including the level of the risk, whether the behavior was inadvertent or done with awareness of the danger, the significance of what was sought, the capacities of the parties, and any other extenuating circumstances. We have considered these factors in the present case and after doing so can not conclude that the trial judge's determination of an 85% to 15% *1059 apportionment of fault is manifestly erroneous.
SeaRiver also disputes the finding that plaintiff is disabled from gainful employment. This is a factual issue, and like all such issues it is reviewed under the manifest error standard. Hall v. Folger Coffee Co., XXXX-XXXX (La.4/14/04), 874 So.2d 90. Application of this standard precludes a reviewing court from setting aside factual findings where they are based on a reasonable view of the entire record of the case. Id. Further, where there are two permissible views of the evidence, the fact-finder's choice between them cannot be manifestly erroneous. Stobart v. State through DOTD, 617 So.2d 880 (La.1993). Here plaintiffs vocational expert reported that based on the medical records, independent testing and work experience, he would not be capable of reentering the work force even at the sedentary level. Defendant's expert disagreed and reported that plaintiff could work at the sedentary level. The trier of fact found plaintiff's expert more credible. Although this court might well have credited defendant's expert instead, that is not grounds to set aside the findings made in the trial court, and we therefore must affirm these findings of the trial judge.
The next assignment relates to the general damage award of $300,000. General damage awards are reviewed under the abuse of discretion standard. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993). Also, in reviewing the propriety of an award the court must consider the particular facts of plaintiff's injuries, as well as the effects of those injuries on the particular plaintiff. Only if the reviewing court, for articulable reasons, finds that reasonable triers of fact could not have awarded so much or so little in all of the circumstances of the case, may it raise the award to the lowest reasonable amount or reduce it to the highest reasonable amount. Here we are unable to articulate any reasons why the award is excessive. Plaintiff suffered excruciating pain during the accident, he underwent substantial surgery to place pins up and down his leg bone which were then attached to an external brace. After several months he underwent a second surgery to remove the pins and brace, and then participated in several more months of what he described as painful physical therapy. He still does not have full use of his leg and says that his disability has affected the quality of his life. In these circumstances, while we find the award on the high side, we do not conclude that it constitutes an abuse of the trier of fact's much discretion.
The next issue concerns the award of prejudgment interest. SeaRiver first argues that prejudgment interest is not available in Jones Act cases, and therefore it was error for the trial judge to award it. However, as shown above, SeaRiver's liability here is based on the general maritime law unseaworthiness claim. In such actions prejudgment interest may be awarded at the discretion of the court, and as a general rule it is awarded. Mistich v. Pipelines, Inc. 609 So.2d 921 (La.App. 4th Cir.1992), writ denied 613 So.2d 996 (La.1993). Here, we find no abuse of discretion in this award.
The last issue concerns a discrepancy between the judgment and the reasons for judgment in regard to prejudgment interest. The judgment states that the entire damage award is to bear interest from the time of the accident, while in the reasons for judgment the judge recites that only past damages bear such interest. The parties agree that this discrepancy should be resolved by this court, rather than by way of remand. We therefore amend the judgment to provide that prejudgment interest should only be awarded *1060 on past damages. We further fix the portion of the $300,000 general damage award attributable to past damages at 50%. Although plaintiff argues for a 70%-30% ratio based on his severe pain during the period of treatment, we find that his residual pain and inconvenience over the remainder of his life, when compared with this initial pain, supports a 50%-50% apportionment.
For the foregoing reasons the judgment is amended to provide that prejudgment interest is awarded only on all past damages and that 50% of the general damage award of $300,000 shall be used in calculating the total of past damages. In all other respects, the judgment is affirmed.
AMENDED AND AFFIRMED AS AMENDED.