WALTER J. ROTHSCHILD, Judge.
lain this personal injury action, plaintiff appeals from the trial court’s award of damages. For the reasons stated herein, we affirm.
Theresa L. McDonald filed this petition for damages against AIG National Insurance Company, Inc. and Mary W. Dee as a result of injuries she sustained in an automobile accident on October 18, 2008. Following a bench trial, judgment was rendered in favor of plaintiff and against defendants for general damages in the amount of $20,000 plus special damages in the amount of $16,199.91. Plaintiff now appeals from this judgment, arguing that both the general and special damage awards are insufficient.
Vast discretion is accorded the trier of fact in fixing general damage awards. La. Civ.Code art. 2324.1; Dufrene v. Gautreau Family, LLC 07-467 (La.App. 5 Cir. 2/22/08), 980 So.2d 68, 81, writs denied, 08-629 (La.5/9/08), 980 So.2d 694 and 08-628 (La.5/9/08), 980 So.2d 698. The trier of fact is afforded much discretion in assessing the facts and rendering an|saward because it is in the best position to evaluate witness credibility and see the evidence firsthand. Bouquet v. Wal-Mart Stores, Inc., 08-309 (La.4/4/08), 979 So.2d 456, 459. This vast discretion is such that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Thus, the role of the appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Youn, 623 So.2d at 1260. To determine whether the fact finder has abused its discretion, the reviewing court looks first to the facts and circumstances of the particular case. Bouquet v. Wal-Mart Stores, Inc., supra, 979 So.2d at 459.
 The severity and duration of the injured person’s pain and suffering are the primary considerations in assessing gener *242 al damages. Francis v. Brown, 95-1241 (La.App. 3 Cir. 3/20/96), 671 So.2d 1041. An appellate court may raise the award to the lowest reasonable amount or reduce it to the highest reasonable amount, only if articulable reasons are found to show that a reasonable trier of fact could not have made the award under all of the circumstances of the case. Williams v. Maritime, Inc., 04-625 (La.App. 5 Cir. 11/30/04), 889 So.2d 1055, writ denied, 04-3226 (La.3/11/05), 896 So.2d 72.
Special damages, unlike general damages, are susceptible of being established with reasonable mathematical certainty. Wainwright v. Fontenot, 00-0492 (La.10/17/00), 774 So.2d 70. To recover medical expenses, whether past or future, a plaintiff must show, through medical testimony, both the existence of the injury and a causal connection between |4the injuries and the incident of which plaintiff complained. The manifest error standard controls on the issue of the assessment of special damages. Wright v. General Aviation Co., 04-772 (La.App. 5 Cir. 11/30/04), 889 So.2d 1115, 1120.
Plaintiff testified at trial that she injured her knees and her neck in this automobile accident. Several days after the accident, plaintiff saw an orthopedist who performed an MRI of her right knee which revealed torn ligaments. She also saw a chiropractor for approximately one month after the accident to resolve her neck pain. She also saw an orthopedist for her neck pain, and an MRI was taken of her cervical spine, but plaintiff declined to accept injections offered by this physician.
In June of 2009, plaintiff underwent outpatient arthroscopic surgery on her right knee. She wore a brace for a few weeks after the surgery and also participated in physical therapy. Plaintiff testified that she still suffers from knee pain one and one-half years after the accident, and that the pain causes her several limitations, including difficulty driving, gardening, kneeling and bike riding. She also testified that her neck had not improved in the year after the accident and that she is in pain all of the time.
The record also contains evidence that plaintiff suffered prior injuries to her knees, and she denied reporting this to her treating physicians. The medical evidence also contained a notation that plaintiff injured her knees and back in February of 2009 lifting a heavy object. At trial, plaintiff denied giving this information to medical personnel. Further, the medical records contain information that plaintiff related to the orthopedist treating her neck that a manipulation by the chiropractor had caused the current pain in her neck.
|.sPlaintiffs treating orthopedist, Dr. Charles Haddad, testified that he first saw plaintiff in December of 2008 and that MRI imaging showed she sustained a tear of the medial meniscus in her right knee. She also had degenerative joint arthritis which was consistent with a sixty-year-old person. He gave plaintiff an injection for swelling and pain, a knee brace, and a prescription to start physical therapy. Plaintiff returned on January 14, 2009 and Dr. Haddad continued to recommend physical therapy. Plaintiff returned on March 18, 2009 and reported that she was still experiencing knee pain and wanted to have surgery. Arthroscopic surgery was performed on an outpatient basis on June 3, 2009 and plaintiff was sent home on crutches with pain medication. Plaintiff started physical therapy and reported that this was causing her pain. Dr. Haddad then recommended that plaintiff hold off on more physical therapy and perform less strenuous home exercises. Dr. Haddad believed that plaintiffs prognosis was good if she were able to tolerate a good round of *243 therapy and build up her strength and endurance. Dr. Haddad also believed the automobile accident caused the tear in plaintiffs right knee.
On cross-examination, Dr. Haddad stated that a meniscus tear usually occurs with a twisting of the leg and not when the knee hits a car dashboard such as what occurred here. He also hoped plaintiff would have gone to physical therapy more regularly before deciding to have surgery. He also stated that plaintiff denied previous knee injuries, and it would be possible that the car accident aggravated a previous injury.
Plaintiff also submitted the testimony of her daughter who testified regarding her mother’s limitations following this accident. In addition, plaintiff submitted medical bills in the amount of over $21,000.
| r,Following trial, judgment was rendered in favor of plaintiff for general damages in the amount of $20,000.00 and special damages in the amount of $16,199.91, approximately $5,000 less than the amount of medical bills submitted by plaintiff. Plaintiff argues that the general damage award is abusively low and should be increased to a reasonable amount and that the special damage award should be increased based on the bills offered at trial.
Both plaintiff and defendant submit jurisprudence to this Court to support their position regarding the adequacy of the award. We have reviewed these cases, and we find a variance of factual scenarios in each case which impacted the varied awards. After a review of the testimony and evidence in this particular case, we find that the award of $20,000 adequately compensates plaintiff for her injuries. The trial judge found plaintiff’s injuries were caused by the accident, but also heard testimony that plaintiff suffered from preexisting injuries. Under the circumstances presented here, we cannot say that the award is below that which a reasonable trier of fact could assess. Accordingly, because we find that the general damages awarded by the trial court are within its vast discretion, they cannot be disturbed on appeal.
The trial court refused to award special damages for the particular neck treatment sustained by Mrs. McDonald, as it apparently found no causal relation to the accident. The medical records submitted into evidence indicate that plaintiff related to Dr. Waguespack that her neck pain was due to manipulation from the chiropractor, and the trial court evidently concluded that some of plaintiffs neck pain was not attributable to the automobile accident. These conclusions are supported by the record and are |7not manifestly erroneous or clearly wrong. Accordingly, we will not increase the award of special damages.
For the reasons assigned herein, the judgment of the trial court is affirmed. Plaintiff is to bear all costs of this appeal.

AFFIRMED