907 So.2d 820 (2005)
Jennifer VICKNAIR as Natural Tutrix of Her Minor Son Trevor Greiner, and Ross A Louque as Administrator of the Estate of His Minor Son Trevor Louque.
v.
ST. JAMES PARISH SCHOOL BOARD.
No. 05-CA-149.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 2005.
*821 Yigal Bander, Kleinpeter & Schwartzberg, LLC, Baton Rouge, Louisiana, for Plaintiffs/Appellees-2nd Appellants.
Michael K. Heltz, Kleibert & Heltz, Gramercy, Louisiana, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and MARION F. EDWARDS.
MARION F. EDWARDS, Judge.
Defendant/appellant, St. James Parish School Board (the Board), appeals a judgment of the district court in favor of plaintiffs/appellees, Jennifer Vicknair as natural tutrix of her minor son, Trevor Greiner, and Ross A. Louque Sr., as administrator of the estate of his minor son, Trevor Louque. Vicknair has answered the appeal.
On October 23, 2003, Trevor Greiner and Trevor Louque, two eight-year-olds, were students at Gramercy Elementary School in the Parish of St. James. They were finishing lunch in the cafeteria when a school employee, Allison Criddle, pinched and shoved them as they attempted to throw their plates away. They sustained minor injuries as a result.
Ms. Heidi Cain, a former teacher at Gramercy, testified that she worked at the school on the day in question. She did not witness the incident, because her back was to the children. When she turned around, she saw one of her students, along with both Trevor Grenier and Trevor Louque, wincing in pain and holding their shoulders. There were marks on the children, who told her that Ms. Criddle had *822 pinched and pushed them. Ms. Cain reported this to the acting principal.
Ms. Lee Becnel Bodain, a teacher at Gramercy, testified that at the time of the incident, she was getting her class in line. She saw Trevor Greiner facing the wrong way in line, and Ms. Criddle turned him around. She did not see Criddle push Trevor Louque, but he did fall to the ground. Criddle told her that the kids were running around, and she was tired of it. Referring to the third student (not involved in the present suit), Criddle stated, "This one, I could just break in half." Grenier and Louque were holding their shoulders, and had red marks on them.
Melissa Dufrene, another teacher at Gramercy, testified that she saw Criddle grab Greiner's shoulder and turn him around. Marlinda Harrison, a teacher and assistant principal at Gramercy, did not witness the events. Some teachers talked to her about what happened, and they had the three children with them. Two of the children were crying and upset, and the teachers were nervous. The teachers told Harrison that the kids had been near the garbage can and had either been running, or did not throw their plates away, when they were grabbed by Criddle. She saw marks on the children. Harrison was also told that Louque and Greiner were pushed to the floor.
Mona Louque testified that she picked up her son, Trevor, from school on March 25, 2003. Trevor told her that he was in the cafeteria in line, when Criddle came from behind and pinched, grabbed, and shook him, then shoved him to the floor. Trevor was upset. Mrs. Louque drove back to the school, where Ms. Becnel also explained what had happened. Mrs. Louque stated, as did all of the teachers, that Trevor is fine in school; however, Mrs. Louque added that when he sees Criddle, he is afraid of her, and his grades had gone down somewhat. Mrs. Louque took Trevor to Dr. Poche two days later. Now that he is in fourth grade, Trevor is doing wonderfully in school.
Jennifer Vicknair testified that when Trevor (Greiner) came home on the day in question, he was very upset and told her that they were standing in line to dump their plates when a piece of food fell off. Criddle grabbed him by the shoulder and spun him around, doing the same thing to Trevor Louque and another child. Louque fell to the ground. The teachers came over and took pictures of everything. After the incident, Trevor wanted to go to another school and cried because he was afraid to go back. He is not as afraid now as he used to be. After the incident, when Trevor played baseball, his arm hurt, and he quit. However, he has not complained about it lately. Trevor was taken to the doctor. Vicknair was seeking damages against the school board for negligently allowing Criddle to continue working at Gramercy and by allowing other employees to verbally berate the children. Vicknair testified that after the incident, the P.E. coach pushed her son and Louque, telling them that their parents were stupid (in regard to actions taken by them relative to the incident).
Trevor Greiner, ten years old at the time of trial, testified that he was going to throw his plate away when he dropped a little food on the floor. At the time, he was talking to Trevor Louque and Curtis, when Criddle came and turned him and Curtis around, and yelled at them to pick up the food. Then, she came and "just pushed us down on the floor [toward the food] to do it." Trevor was crying because it hurt so badly, and all three had red marks. Afterward, Ms. Harrison looked at them and told them to tell their parents. Trevor Grenier cried about all this and did not want to go back to school for three or *823 four weeks. He does not feel safe around Criddle, who always gives him a "mean face." However, she has not done anything else to him. He gets good grades and does not get into trouble.
Trevor Louque testified he was walking with Curtis and Trevor Grenier when Criddle grabbed them, pinched him, and pushed him to the ground. The incident made him feel "mad." He has not had any more problems at school with Criddle.
On appeal, the Board contends the trial court erred in awarding $2,500 in general damages, and $3,500 for mental anguish, to both Trevor Louque and Trevor Vicknair. The Board contends that each child was seen only once by their respective physicians and that there was no medical evidence to support an award for mental anguish.
Although the trial court did distinguish "general damages" from damages for mental anguish and distress, the latter category is included in an award of general damages. General damages are those which are inherently speculative in nature and cannot be fixed with mathematical certainty.[1]
In this case, two eight-year-old boys were pinched and pushed to the ground by an adult employee at their school on school grounds. Although the physical damage may not have been extensive, there was evidence that the assaults caused marks and bruising on the children and that they suffered pain for a short time. Insofar as the judgment awards damages for mental distress, it has been held, in certain circumstances, that where there is no reason to doubt the uncontradicted testimony of a plaintiff regarding his mental suffering, such testimony should be accepted by the trier of fact.[2]
The discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.[3]
Based on the record, and for the reasons cited above, we find the award made by the trial court was not an abuse of discretion.
In her answer to the appeal, Vicknair contends the court erred in failing to cast Criddle in judgment. The trial court indicated in its reasons for judgment that in this case, Criddle exceeded the necessary actions for school personnel to administer discipline in order to fulfill its obligations. The Board does not question its own derivative liability in the matter, and Criddle was alleged to be liable in solido as an employee of the Board. Under La. C.C. art. 2320 and La. R.S. 9:3921, an employer may be vicariously liable for the acts of its employees. An employer and an employee are solidarily liable for damages caused by the employee's tortious *824 acts.[4] Therefore, we find the court erred in failing to find Criddle liable in solido with the Board.
Vicknair finally requests damages for a frivolous appeal under La. C.C.P. art. 2164. Because appeals are favored, damages should not be awarded unless an appeal is unquestionably frivolous, i.e., it is obvious that the appeal was taken for delay or the counsel does not sincerely advocate the view advanced to the court.[5]
Under these criteria, we conclude that damages for frivolous appeal are not warranted.
For the foregoing reasons, the judgment is amended in part to find that Allison Criddle is liable in solido with the Board. In all other respects, the judgment is affirmed. Costs are assessed to defendants.
AMENDED IN PART; AFFIRMED AS AMENDED.
DALEY, J., dissents with reasons.
DALEY, J., dissents with reasons:
I dissent from the majority opinion on the propriety of the damage awards.
In this case, the students' injuries do not warrant an award of $2500.00 in general damages. Likewise, the circumstances do not show the students experienced genuine and serious mental distress warranting a $3500.00 damage award. There is no indication that the direction that the students received from Ms. Criddle, in grabbing them and insisting that they clean up the food they spilled, caused them to suffer any serious physical injury or mental anguish and distress. All the witnesses, including the students, testified that the students only received some small red marks or bruising on their shoulders where they were grabbed, and that suffered no permanent detrimental effects.
Having reviewed the propriety of the awards by considering the particular facts of the plaintiff's injuries and the effects of those injuries on the particular plaintiff, I find the trial court abused its discretion in awarding damages. See, Williams v. Maritime, Inc., 04-625 (La.App. 5 Cir. 11/30/04), 889 So.2d 1055, 1059, writ denied, 04-3226 (La.3/11/05), 896 So.2d 72. Awards in comparable cases where students suffered much more grievous injuries, i.e. excessive beating during corporal punishment administered with a stick or a fist causing multiple bruises on the body, range from $1000.00 to $500.00. Therefore, I would lower the award each student receives to a total of $1000.00 in general damages inclusive of mental anguish.
NOTES
[1] Wainwright v. Fontenot, XXXX-XXXX (La. 10/17/00), 774 So.2d 70.
[2] Johnson v. First Nat'l Bank of Shreveport, 2000-870 (La.App. 3 Cir. 6/20/01), 792 So.2d 33, writ denied, 2001-2770 (La.1/4/02), 805 So.2d 212 and writ denied, 2001-2783 (La.1/4/02), 805 So.2d 213. See also, Williams v. O'Neill, 1999-2575 (La.App. 4 Cir. 3/13/02), 813 So.2d 548, writ denied, XXXX-XXXX (La.5/24/02), 816 So.2d 859.
[3] LaFleur v. Martin, 04-516 (La.App. 5 Cir. 11/16/04), 890 So.2d 26 (citations omitted).
[4] Sampay v. Morton Salt Co., 395 So.2d 326 (La.1981); Narcise v. Illinois Central Gulf R.R., 427 So.2d 1192 (La.1983).
[5] Harper v. Eschenazi, 04-863 (La.App. 5 Cir. 12/28/04), 892 So.2d 671.