FREDERICKA HOMBERG WICKER, Judge.
 

 Lin this personal injury matter, defendant/appellant Mercury County Mutual Insurance Company (“Mercury”) appeals a judgment awarding Mark Allerton $20,000.00 in damages, judicial interest, and court costs. Mercury assigns the following errors to the proceedings below: (1) the trial court erred in finding that the ownership of a vehicle did not transfer until the title had been transferred and the prior insurance canceled, (2) the trial court erred by accepting a state trooper as an expert in accident investigation, (3) the trial court erred by allowing the state trooper to testify as to the statements of others which constituted impermissible
 
 *495
 
 hearsay, (4) the trial court erred by finding Mr. Allerton had carried his burden of proving permissive use to trigger coverage. For the reasons that follow, we find that the trial court erred in finding that ownership of the vehicle had not transferred prior to Mr. Allerton’s accident. Accordingly, we reverse the judgment of the trial court and render judgment in favor of Mercury.
 

 h
 
 FACTS AND PROCEDURAL HISTORY
 

 Mark Allerton filed a petition for damages on May 9, 2006. In the petition he alleged the following: (1) on October 25, 2005, he was waiting to cross Jefferson Highway on his bicycle while waiting in a parking lot, (2) at the time of his accident, he was attempting to cross the highway, (3) Leslie Broussard, the driver of a 1992 Ford Explorer, negligently veered across two lanes of traffic into the parking lot and struck him, (4) he sustained severe injuries to his neck, back, and legs as a result of Ms. Broussard’s negligence, and, (5) James Edwards and Barbara Edwards were the owners of the 1992 Ford Explorer at the time of the accident. Neither Ms. Broussard nor her husband Richard Broussard were served with the petition. Mr. Allerton later filed a supplemental and amending petition contending that Mercury provided automobile insurance for Mr. Edwards and Ms. Edwards.
 

 Mercury and Mr. Allerton subsequently filed motions for summary judgment. In its motion for summary judgment, Mercury contended that Mr. Edwards and Ms. Edwards’ son Aaron Edwards was the regular operator of the 1992 Explorer at the time of Mr. Allerton’s accident. Mercury further contended that Aaron had asked for and received permission from his parents to sell the vehicle to Mr. Broussard on October 20, 2005. Mercury further argued that it could not be liable to Mr. Allerton as Mr. Edwards and Ms. Edwards’ insurer because Mr. Broussard, not Mr. Edwards, was the owner of the Explorer at the time of Mr. Allerton’s accident.
 

 In his motion for summary judgment, Mr. Allerton contended that neither Ms. Broussard nor Mr. Broussard were owners of record of the Explorer on October 25, 2005. Mr. Allerton further argued that Mr. Edwards was the owner of record of the Explorer on October 25, 2005, thus, Mercury’s insurance policy was |4in effect at the time of Mr. Allerton’s accident. Mr. Allerton also contended that the “fact that [Mr. and Ms. Edwards] did not notify their insurance company of the alleged change of ownership until two (2) weeks after the accident occurred” proves that Mr. and Ms. Edwards were the owners of the Explorer at the time of his accident. The trial court denied both motions for summary judgment on January 28, 2009.
 

 A bench trial commenced in this matter on July 27, 2009. At trial, the plaintiff attempted to prove that Mr. Edwards was the owner of the Explorer on the date of Mr. Allerton’s accident, or alternatively, that Aaron Edwards or Mr. Broussard gave Ms. Broussard permission to use the Explorer. At trial the defense attempted to prove that ownership of the Explorer had passed to Mr. Broussard on October 20, 2005, the date Mr. Broussard paid Aaron Edwards one thousand dollars in cash for the vehicle. The defense also attempted to prove that, assuming Mr. Edwards was the owner of the Explorer on October 20, 2005, Ms. Broussard could not be covered by Mr. Edwards’s Mercury insurance policy because Ms. Broussard was not a permissive user of the Explorer.
 

 The plaintiffs first witness at trial was Trooper Alan Rickmeyer of the Louisiana State Police. Trooper Rickmeyer was the police officer that investigated the October
 
 *496
 
 25, 2005 accident. Counsel for Mr. Aller-ton attempted to tender Trooper Rickmeyer as an expert witness in the field of accident investigation. Counsel for Mercury objected, however, the trial court overruled defense counsel’s objection and allowed Trooper Rickmeyer to testify as an expert in accident investigation.
 

 Trooper Rickmeyer proceeded to testify about his investigation of the October 25, 2005 accident. Trooper Rickmeyer testified that a witness to the accident was able to provide him with the vehicle’s license plate number. After |Bfurther investigation, Trooper Rickmeyer determined that the registered owners of the vehicle were Mr. Edwards and Ms. Edwards, who at the time were residents of Shiner, Texas. Trooper Rickmeyer thereafter contacted Mr. Edwards.
 

 Trooper Rickmeyer subsequently testified that Mr. Edwards told him that he was the owner of the Explorer and that he had loaned the vehicle out to Aaron. According to Trooper Rickmeyer, during the conversation that he had with Mr. Edwards, Mr. Edwards never told him that his son had sold the vehicle or that he did not own the vehicle.
 

 Trooper Rickmeyer testified that after speaking to Mr. Edwards, he spoke to Aaron Edwards. Aaron told him that he was in the possession of the Explorer, but that Mr. Broussard was in the process of repairing the vehicle. According to Trooper Rickmeyer, Aaron Edwards also told him that he was under the impression that he had not sold the vehicle to Mr. Brous-sard.
 

 Trooper Rickmeyer thereafter contacted Mr. Broussard, who confirmed that he was repairing the 1992 Ford Explorer at the time of the accident. Mr. Broussard told Trooper Rickmeyer that he had not operated the vehicle personally. However, Mr. Broussard admitted that he periodically loaned the vehicle to his wife for her use. On cross-examination Trooper Rickmeyer admitted that he could hot recall whether Mr. Edwards expressly told him that he owned the 1992 Ford Explorer. Trooper Rickmeyer could not recall whether Aaron Edwards told him whether his father was the owner of the Explorer.
 

 Mr. Allerton was the next witness. On October 25, 2005, Mr. Allerton was riding his bicycle near the corner of Jefferson Highway and Newman Avenue in Jefferson Parish. He was preparing to cross the highway while in a parking lot on the side of the street. Mr. Allerton testified that he turned his head, and looked back across Jefferson Highway. At that time he saw a red Ford Explorer moving |fltoward him at a high rate of speed. Mr. Allerton attempted to move out of the Explorer’s path, but was unable to do so. The Explorer struck him in the lower half of his body while he was standing on the sidewalk. At the time of the accident, Mr. Allerton was still on his bicycle. As a result of the accident, Mr. Allerton suffered injuries to his legs and back. Mr. Allerton testified that he still receives medical treatment for the October 25, 2005 accident.
 

 Aaron Edwards was the final witness to testify. Aaron testified that he moved to New Orleans in April 2004 and that his parents gave him the Explorer to use in New Orleans at that time. Aaron mentioned that his parents had told him that their insurance would not provide coverage for the Explorer in Louisiana. According to Aaron, the Explorer had several serious mechanical problems which were not worth repairing, thus, he decided to sell the vehicle rather than repairing it for his own use. Aaron thereafter contacted his parents about whether they would allow him to sell the vehicle. Aaron testified that his parents told him that he could sell the vehicle.
 

 
 *497
 
 Aaron Edwards testified that he met Mr. Broussard at the lumber company at which he was working in 2005. Mr. Brous-sard told Aaron that he was interested in purchasing a vehicle because the vehicle he was using at the time was not working properly. Aaron testified that he told Mr. Broussard he had a vehicle available. Aaron proceeded to tell Mr. Broussard about the Explorer. Mr. Broussard offered to buy the Explorer from Aaron for one thousand dollars. Aaron testified that on October 20, 2005, Mr. Broussard paid him one thousand dollars in cash for the Explorer and that he gave Mr. Broussard the keys to the Explorer. Aaron informed his parents thereafter that he had received the one thousand dollars from Mr. Brous-sard.
 

 17Aaron Edwards further testified that on the same day, Mr. Broussard also paid him two hundred dollars in cash for helping him move some refrigerators out of homes damaged by Hurricane Katrina. Aaron Edwards deposited the twelve hundred dollars cash into his business partner’s bank account. Aaron admitted that the title to the Explorer had not transferred at that point; it was still in his father’s possession in Texas. The title transferred after Mr. Allerton’s October 25 accident.
 

 Aaron recalled speaking to a police officer on October 25, 2005.
 
 [1]
 
 The police officer told Aaron that if he did not bring the Explorer to the police station, his father would be arrested for hit and run. Aaron told the police officer that Mr. Broussard was in possession of the Explorer.
 

 After the police officer told Aaron that the Explorer had been involved in an accident, Aaron proceeded to Mr. Broussard’s home. Mr. Broussard told him that Ms. Broussard had been using the Explorer. Aaron testified that he recalled meeting Ms. Broussard prior to October 25, 2005, but that he did not give Ms. Broussard permission to use the Explorer. Aaron thereafter drove the Explorer to the police station.
 

 During cross-examination, Aaron stated that after he gave Mr. Broussard the keys to the Explorer, Mr. Broussard was attempting to repair the vehicle in front of his house. Aaron further stated that he was aware that Ms. Edwards did not cancel the insurance on the Explorer until approximately two weeks after October 25, 2005. Aaron testified that he was unsure as to why this was the case.
 

 The material portions of Aaron Edwards’s testimony were confirmed by Ms. Edwards’s deposition, which was introduced into evidence at trial. In the deposition, Ms. Edwards testified that she and Mr. Edwards gave Aaron permission to use the Explorer when he moved to New Orleans in 2004. Ms. |sEdwards testified that Aaron contacted her before Mr. Aller-ton’s accident and asked her for to permission to sell the Explorer to Mr. Broussard, which permission she gave. According to Ms. Edwards, Aaron contacted her before October 25, 2005 and told her that he had sold the Explorer to Mr. Broussard for one thousand dollars. Ms. Edwards admitted at her deposition that she did not cancel the insurance on the Explorer until after October 25, 2005. Ms. Edwards also admitted that title of the Explorer did not transfer until after October 25, 2005.
 

 At the conclusion of the trial, the trial court ruled in favor of Mr. Ailerton. In ruling for Mr. Ailerton, the trial court indicated her belief that Mr. Edwards was
 
 *498
 
 the owner of the vehicle on October 25, 2005 because title had not transferred to Mr. Broussard and because neither Mr. Edwards nor Ms. Edwards had canceled their insurance policy on the Explorer as of October 25, 2005. Moreover, the trial court noted that she believed “the evidence was uncontroverted that [Ms. Broussard] was cloaked with and given full permission to use the vehicle.” By judgment dated August 10, 2009, the trial court awarded Mr. Allerton $20,000.00 plus interest from the date of judicial demand and court costs.
 

 STANDARD OF REVIEW
 

 A trial court’s findings of fact will not be disturbed on appeal unless the reviewing court finds that they are clearly wrong or manifestly erroneous.
 
 Stobart v. State, Through Dept. of Transp. and Dev.,
 
 617 So.2d 880, 882 (La.1993). This standard of review does not allow the appellate court to reweigh the evidence or substitute its own factual findings.
 
 Salvant v. State,
 
 05-2126 (La.7/6/06), 935 So.2d 646, 650. In order to reverse a district court’s determination of a fact, a reviewing court must review the record in its entirety and (1) find a reasonable factual basis does not exist for the finding, and (2) further determine the record establishes the fact finder is clearly wrong or manifestly erroneous.
 
 Stobart,
 
 617 So.2d at 882. |9 The issue to be resolved by the reviewing court is not whether the fact finder was right or wrong, but whether the fact finder’s conclusion was a reasonable one.
 
 Garrity v. St. Paul Fire & Marine Ins. Co.,
 
 07-965, (La.App. 5 Cir. 4/15/08), 984 So.2d 900, 904,
 
 writ denied,
 
 08-1051 (La.8/29/08), 989 So.2d 106.
 

 Conversely, we review decisions of law de novo.
 
 Hall v. Folger Coffee Co.,
 
 03-1734 (La.4/14/04), 874 So.2d 90, 99. If the trial court’s decision was based on its erroneous application of law, rather than on a valid exercise of discretion, the trial court’s decision is not entitled to deference by the reviewing court.
 
 Kem Search, Inc. v. Sheffield,
 
 434 So.2d 1067, 1071-72 (La.1983). Moreover, an error as to whether a sale of a thing occurred is a legal error.
 
 See, e.g., Cluse v. H & E Equipment Services, Inc.,
 
 2009-574 (La.App. 3 Cir. 3/31/10), 34 So.3d 959, 964, (“[w]e find the jury erred as a matter of law in concluding there was not a completed sale [of a movable] ... Because we find the jury committed legal error we must review the case
 
 de novo.”).
 

 FIRST SPECIFICATION OF ERROR
 

 Mercury contends that the trial court erred in determining that Mr. Edwards was the owner of the Explorer at the time of the October 25, 2005 accident. Mercury further contends that ownership of the Explorer transferred to Mr. Broussard when Aaron Edwards and Mr. Broussard agreed to sell the Explorer for one thousand dollars on October 20, 2005. Mr. Alerton contends that ownership of the Explorer transferred after October 25, 2005 because title to the Explorer transferred and Ms. Edwards canceled the insurance on the Explorer after October 25, 2005. Mr. Alerton further contends that the trial court’s finding that Mr. Edwards was the owner of the Explorer on October 25, 2005 was a factual determination subject to the clearly wrong/manifest error standard of review.
 

 |inAt the outset, we note that Mr. Aler-ton’s assertion that this assignment of error is subject to the clearly wrong/manifest error standard of review is not correct; as noted above, the trial court’s determination of whether a sale occurred is a legal question subject to this Court’s de novo review. In analyzing this specification of error de novo, we must consider these pertinent issues: (1) did Aaron Edwards
 
 *499
 
 have the authority to sell the Explorer; (2) if so, did ownership of the Explorer pass to Mr. Broussard prior to October 25, 2010. We answer yes to both.
 

 Authority to Sell the Explorer
 

 Generally, an agent is one who acts for or in the place of another by authority from the latter.
 
 Color Stone Intern., Inc. v. Last Chance CDP, LLC,
 
 08-35 (La.App. 5 Cir. 5/27/08), 986 So.2d 707, 713. A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal. La.C.C. art. 2989. A contract of mandate is not required to be in any particular form, however, the existence of a mandate must be substantiated by evidence indicating that the principal authorized the mandatary to act on his behalf. La.C.C. art. 2993. The authority of a man-datary to alienate property must be given expressly. La.C.C. art. 2996. Neither the property nor its location need be specifically described.
 
 Id.
 

 Prior to Mr. Allerton’s accident, Mr. and Ms. Edwards owned the Explorer. Aaron Edwards testified that he asked his parents if they would allow him to sell the Explorer. The uncontroverted testimony of Aaron Edwards and Ms. Edwards indicates that Mr. and Ms. Edwards expressly gave Aaron such permission to sell the Explorer. It is of no consequence that the agreement was not in writing; a contract of mandate is not required to be in any particular form, nor must the sale of a movable be in any particular form.
 
 Compare
 
 La.C.C. art. 2440 (“[a] sale or Inpromise of sale of an immovable must be made by authentic act or by act under private signature, except as provided in [Civil Code] Article 1839.”). Thus, we find that Aaron had the authority to sell the Explorer.
 

 Transfer of Ownership of the Explorer
 

 La.C.C. art. 2439 defines a “sale” as a “contract whereby a person transfers ownership of a thing to another for a price in money.” The thing, the price, and the consent of the parties are requirements for the perfection of a sale.
 
 Id.
 
 A sale occurs and “[o]wnership is transferred between the parties as soon as there is agreement on the thing and the price is fixed, even though the thing sold is not yet delivered nor the price paid.” La.C.C. art. 2456. The price must be fixed by the parties in a sum either certain or determinable through a method agreed by them. La. C.C. art. 2464. There is no sale unless the parties intended that a price be paid.
 
 Id.
 
 The sale of a motor vehicle is governed by the articles in the Louisiana Civil Code relating to the sale of movables.
 
 Lambert v. Ray Brandt Dodge, Inc.,
 
 09-739 (La.App. 5 Cir. 1/26/10), 31 So.3d 1108, 1112 (citing
 
 Biggs v. Prewitt,
 
 95-0315 (La.App. 1 Cir. 10/6/95); 669 So.2d 441, 443,
 
 writ denied,
 
 96-1035 (La.5/31/96); 674 So.2d 264). Louisiana does not require that the certificate of title to a vehicle be transferred in order for the sale to be a valid one.
 
 Id.
 
 The certificate of title constitutes prima facie proof of ownership. However, the certificate of title is not conclusive proof of ownership, and proof showing different ownership is admissible.
 
 Id.
 

 We find that ownership of the Explorer passed to Mr. Broussard on October 20, 2005. The testimony developed at trial indicates that Aaron Edwards and Mr. Broussard agreed on the thing (the Explorer) and the price (one thousand dollars in cash) on October 20, 2005. Under the Civil Code, the vehicle was sold and ownership passed to Mr. Broussard at that point. There is no support in Louisiana | jurisprudence or in the Civil Code for Mr. Allerton’s proposition that title must transfer and a prior owner of a vehicle
 
 *500
 
 must cancel his insurance before ownership of the vehicle transfers to a subsequent owner.
 

 The result with respect to ownership of the Explorer is supported by Louisiana jurisprudence. For example, in
 
 Hayden v. Spencer,
 
 2004-1140 (La.App. 3 Cir. 2/2/05), 894 So.2d 551,
 
 writ denied,
 
 2005-0982 (La.6/3/05), 903 So.2d 464, the plaintiff was parked at an intersection, at which time a pole on a truck trailer in front of her vehicle fell off the trailer, punctured the windshield of her vehicle, and injured her. She filed suit against the driver of the truck and his insurer.
 

 At the time of the accident, the vehicle was not titled in the name of the plaintiffs stepdaughter.
 
 Id.
 
 at 552. The plaintiffs stepdaughter was a resident of Texas. At trial, the plaintiff testified that she agreed to buy the vehicle from her stepdaughter on an installment plan, was in possession of the vehicle for three or four weeks prior to the accident, and had just paid the last installment prior to the accident.
 
 Id.
 
 The plaintiffs stepdaughter testified that she and the plaintiff were going to transfer the title on the day of the accident.
 
 Id.
 
 at 553.
 

 After a bench trial, the trial court awarded the plaintiff damages for pain and suffering, past medical expenses, and lost wages.
 
 Id.
 
 at 552. The trial court determined that the plaintiff was the owner of the vehicle at the time of the accident.
 
 Id.
 
 at 553. The Third Circuit affirmed, reasoning that “[t]he ownership of the [vehicle] was transferred by [the plaintiffs stepdaughter] to [the plaintiff] even though the Texas certificate of title reflected [the stepdaughter] as the registered owner.”
 
 Id.
 
 at 554. The essential facts of this case are similar. Here, Aaron Edwards and Mr. Broussard agreed on the price and the thing to be sold on October 20, 2005. Ownership of the Explorer passed to Mr. Broussard that day, | Taeven though Mr. Broussard did not receive the certificate of title for the Explorer until after October 25, 2005.
 

 Accordingly, we find that the trial court erred in determining that Mr. and Ms. Edwards were the owners of the Explorer on October 25, 2005. We will pretermit consideration of Mr. Allerton’s remaining assignments of error.
 

 CONCLUSION AND DECREE
 

 For the reasons discussed above, the judgment of the trial court is reversed and judgment is rendered in favor of Mercury. Costs of this appeal are taxed to Mr. Aller-ton.
 

 REVERSED AND RENDERED.
 

 [1]
 

 . It is not clear from the record whether Aaron spoke to Trooper Rickmeyer or another police officer on October 25, 2005.