NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 CA 0445

DAMON BALDONE

VERSUS

PROGRESSIVE INSURANCE COMPANY AND LOUISIANA FARM
BUREAU CASUALTY INSURANCE COMPANY

*Judgment Rendered:*    DEC 2 0 2024

* * * * * * * *

Appealed from the
32nd Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Case No. 195700, Division D

The Honorable David W. Arceneaux, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Thomas E. Dunn<br>Jordan M. Gremillion<br>Houma, Louisiana | Counsel for Plaintiff/Appellant<br>Damon Baldone |
| Michelle Deloach Brooks<br>Laura Charpentier Benton<br>Thibodaux, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Farm Bureau Casualty<br>Insurance Company |

* * * * * * * *

Chutz, J. Concurs by CHH

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**THERIOT, J.**

Damon Baldone appeals the 32nd Judicial District Court's March 11, 2024 judgment granting Louisiana Farm Bureau Casualty Insurance Company's motion for summary judgment and dismissing Baldone's claims with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On May 1, 2021, Damon Baldone, the appellant, was operating a 2019 Nissan Armada ("the Armada") in Gulfport, Mississippi when he was rear-ended by Christopher Ford. Both Baldone and Ford were insured by Progressive Insurance Company ("Progressive"). On January 20, 2023, Baldone filed a petition for damages naming Progressive as defendant and seeking coverage under an uninsured/underinsured motorist insurance ("UIM") policy.

Baldone was also insured by Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), the appellee in this matter. The Farm Bureau policy provided for UIM coverage unless an exclusion applied. On February 3, 2023, Baldone filed a claim with Farm Bureau pursuant to the UIM policy.[1] Farm Bureau denied coverage via letter on February 8, 2023. Also on February 3, 2023, Baldone amended his petition to add Farm Bureau as an additional defendant, specifically seeking UIM coverage under the terms of his Farm Bureau policy. On March 14, 2023, Farm Bureau filed an answer to Baldone's petition and amended petition wherein it generally denied coverage.

On December 13, 2023, Farm Bureau filed a motion for summary judgment seeking the dismissal of Baldone's claims against it. Farm Bureau admitted to insuring a different vehicle owned by Baldone, a 2000 Porsche 911 ("the Porsche"). However, Farm Bureau argued that the Armada was excluded from

---

[1] Baldone also sought to recover under a medical payments policy, but later stipulated that he did not have medical payments coverage.

UIM coverage due to Baldone's failure to add the Armada to his Farm Bureau policy.

On February 7, 2024, Baldone filed an opposition to Farm Bureau's motion for summary judgment wherein he alleged that he did not own the Armada. Rather, Baldone asserted that the Armada was owned solely by Baldone Investment Group and that his name had been erroneously placed on the Armada's title. Baldone argued that because he was not the legal owner of the Armada, he was entitled to coverage under Louisiana's UIM statute, La. R.S. 22:1295.

A hearing on the motion for summary judgment was held on February 23, 2024. At the conclusion of the hearing, the trial court granted Farm Bureau's motion for summary judgment and dismissed Baldone's claims against Farm Bureau with prejudice. The trial court signed a judgment to that effect on March 11, 2024. This appeal by Baldone followed.

## ASSIGNMENTS OF ERROR

Baldone assigns the following as error:

(1) The trial court erred when it ruled that the supporting documents, including multiple affidavits attesting to the ownership of the vehicle in dispute, do not create a genuine issue as to a material fact that would preclude summary judgment.

(2) The trial court erred when it ruled that Baldone could not meet his burden of proving one or more essential elements of his claim.

## STANDARD OF REVIEW

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action .... and shall be construed to accomplish these ends." La. Code Civ. P. art. 966(A)(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a *de novo* standard of review using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Bass v. Disa Glob. Sols., Inc.*, 2019-

3

1145 (La. App. 1 Cir. 6/12/20), 305 So.3d 903, 906, writ denied, 2020-01025 (La. 11/4/20), 303 So.3d 651.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). The only documents that may be filed or referenced in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions. La. Code Civ. P. art. 966(A)(4)(a); *Bass*, 305 So.3d at 906.

The mover bears the burden of proving that he is entitled to summary judgment. However, if the mover will not bear the burden of proof at trial on the subject matter of the motion, he need only demonstrate the absence of factual support for one or more essential elements of his opponent's claim, action, or defense. La. Code Civ. P. art. art. 966(D)(1). If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the nonmoving party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1); *Bass*, 305 So.3d at 906.

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Kasem v. State Farm Fire & Cas. Co.*, 2016-0217 (La. App. 1 Cir. 2/10/17), 212 So.3d 6, 12-13.

4

A "genuine" issue is a triable issue, which means that an issue is genuine if reasonable persons could disagree. If, on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Kasem*, citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730, 751. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. *Succession of Hickman v. State Through Bd. of Supervisors of Louisiana State Univ. Agric. & Mech. Coll.*, 2016-1069 (La. App. 1 Cir. 4/12/17), 217 So.3d 1240, 1244.

Interpretation of an insurance policy ordinarily involves a legal question that can be properly resolved by a motion for summary judgment. *Green v. Johnson*, 2016-1525 (La. App. 1 Cir. 1/10/18), 241 So.3d 1188, 1191; see also La. C.C. art. 2046. Summary judgment is particularly appropriate if the insurance contracts, being clear and unambiguous, can be construed from the four corners of the instruments without resort to extrinsic evidence. See *Sims v. Mulhearn Funeral Home, Inc.*, 2007-0054 (La. 5/22/07), 956 So.2d 583, 595. An insurer seeking to avoid coverage through summary judgment bears the burden of proving some exclusion applies to preclude coverage. *Green*, 241 So.3d at 1191. A court should only grant the motion for summary judgment when the facts are taken into account and it is clear that the provisions of the insurance policy do not afford coverage. *Bernard v. Ellis*, 2011-2377 (La. 7/2/12), 111 So.3d 995, 1002.

## DISCUSSION

In related assignments of error, Baldone argues that the trial court erred in finding no genuine issue of material fact and in ruling that he could not meet his burden of proving the essential elements of his claim.

An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. The judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract. *Cadwallader v. Allstate Ins. Co.*, 2002-1637 (La. 6/27/03), 848 So.2d 577, 580; see also La. Civ. Code art. 2045.

In the absence of conflict with a statute or public policy, insurers have the same rights as individuals to limit their liability and impose whatever conditions they desire upon their obligations. The insurance policy establishes the limits of liability, and that policy is the law between the parties. *Sims*, 956 So.2d at 595. Each provision in the policy must be interpreted in light of the other provisions so that each is given meaning; one provision of the insurance contract should not be construed separately at the expense of disregarding other provisions. La. C.C. art. 2050; *Green*, 241 So.3d at 1192. If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. *Bernard*, 111 So.3d at 1002; La. C.C. art. 2046.

UIM coverage embodies a strong public policy, which is to provide full recovery for innocent automobile accident victims who suffer damages caused by a tortfeasor who has no coverage or is not adequately covered by liability insurance. *Cutsinger v. Redfern*, 2008-2607 (La. 5/22/09), 12 So.3d 945, 949. The underlying purpose of UIM coverage is "to promote and effectuate complete reparation, no more or no less." *Cutsinger*, 12 So.3d at 949, quoting *Hoefly v. Government Employees Ins. Co.*, 418 So.2d 575, 579 (La. 1982). Stacking of UM coverages occurs when the amount available under one policy is inadequate to satisfy the damages alleged or awarded the insured and the same insured seeks to combine or stack one coverage on top of another for the same loss covered under multiple

policies or under multiple coverages contained in a single policy. *Boullt v. State Farm Mut. Auto. Ins. Co.*, 99-0942 (La. 10/19/99), 752 So.2d 739, 742.

When the existence of UIM coverage under a policy of automobile insurance is at issue, a two-step analysis is utilized: (1) the automobile insurance policy is first examined to determine whether UIM coverage is contractually provided under the express provisions of the policy; and (2) if no UIM coverage is found under the policy provisions, then the UIM statute is applied to determine whether statutory coverage is mandated. *Green*, 241 So.3d at 1192.

We now turn to Farm Bureau's motion for summary judgment, wherein Farm Bureau argued that Baldone was in fact the owner of the Armada and that the Armada was not covered by the Farm Bureau UIM policy due to Baldone's failure to include the Armada on the policy's declarations page. Farm Bureau attached several exhibits to its motion for summary judgment, including the insurance policy at issue, the Armada's registration documents, and a transcript of a recorded phone call between Baldone and an employee of Farm Bureau.[2]

Relevantly, the amended declarations page for the Farm Bureau insurance policy includes only the Porsche as the insured vehicle.[3] Part IV of the policy, which relates to UIM coverage, provides the following exclusion:

> **This policy does not apply under Coverage U:**
>
> . . .
>
> **(b) to any automobile** or trailer **owned by or furnished or available for the regular use of the named insured** or a resident of the named insured's household **if that automobile is not described on the Declarations.** (Emphasis added.)

---

[2] Baldone did not object to the exhibits presented by Farm Bureau in connection with its motion for summary judgment.

[3] Baldone concedes that the Armada was not named as an insured vehicle on his insurance policy with Farm Bureau.

Accordingly, the plain language of the policy indicates that any automobile owned by <u>or</u> furnished or available for the regular use of the named insured must be described on the declarations page to be covered under the UIM policy.

There is no evidence to dispute that Baldone was a regular user of the Armada, which was not described on the Farm Bureau policy's declarations page. Rather, the transcript provided by Farm Bureau in support of its motion for summary judgment includes the following exchange between Baldone and an agent of Farm Bureau:

> Q. Mr. Baldone, you were the driver of a 2019 Nissan Pathfinder Armada, correct?
> A. Correct.
> Q. And who is the owner of that vehicle?
> A. Um I can't remember if it is Baldone Investment Group or Baldone Real Estate, one of those.
> Q. Okay and uh was this like an everyday use vehicle for you?
> A. Uh yeah pretty much I use it[.]
> ...
> Q. And like are you the only person who ever used that vehicle or did you have employees that used that vehicle as well?
> A. Uh I pretty much only use that vehicle. ... [N]one of my employees drive it except me, that vehicle.

Considering the evidence before us, it is clear that the Armada is a vehicle furnished or available for the regular use of Baldone. Therefore, we find that Farm Bureau has demonstrated the absence of factual support for an essential element of Baldone's claims such that Baldone must produce factual support sufficient to establish the existence of a genuine issue of material fact. See La. Code Civ. P. art. 966(D)(1); *Bass*, 305 So.3d at 906.

Baldone does not dispute the transcript of his conversation with a Farm Bureau agent. Instead, he argues that he is not the owner of the Armada and asserts the UIM statute, La. R.S. 22:1295, mandates coverage as a result.

La. R.S. 22:1295(1)(e) states:

> **The uninsured motorist coverage does not apply to bodily injury,** sickness, or disease, including the resulting death of an insured, **while occupying a motor vehicle owned by the insured if the motor**

**vehicle is not described in the policy under which a claim is made,** or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles. (Emphasis added.)

In his opposition to Farm Bureau's motion for summary judgment, Baldone alleged that he was not the legal owner of the Armada and that his name had been erroneously placed on the title.

The certificate of title constitutes prima facie proof of ownership. However, we recognize that the certificate of title is not conclusive proof of ownership and that proof showing different ownership is admissible. *Lambert v. Ray Brandt Dodge, Inc.*, 2009-739 (La. App. 5 Cir. 1/26/10), 31 So.3d 1108, 1112, writ denied, 2010-0430 (La. 4/30/10), 34 So.3d 293, citing *Ford Motor Credit Company v. Soileau*, 323 So.2d 221, 223 (La. App. 3 Cir. 1975).

Farm Bureau's summary judgment evidence includes the following pertinent information. The Armada's registration certificate names Baldone Investment Group and Damon Baldone as the vehicle's owners. The vehicle application names Baldone Investment Group as owner and Damon Baldone as joint-owner. The vehicle buyer's order names Baldone Investment Group as the buyer and Damon Baldone as the co-buyer. Baldone is also named as an additional debtor on the UCC-1 Financing Statement relating to the Armada.[4]

Considering the foregoing, we find that Farm Bureau as the moving party has pointed out an absence of factual support for an element essential to Baldone's claim, which hinges upon whether Baldone is an owner of the Armada. To defeat summary judgment, Baldone must have produced factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not

---

[4] Baldone also named himself as an owner and operator of the Armada in his petition for damages. Although Baldone later amended his petition to include his claims against Farm Bureau, Baldone did not amend the portion of the petition wherein he asserted that he was the owner of the Armada.

entitled to judgment as a matter of law. See La. Code Civ. P. art. 966(D)(1); *Bass*, 305 So.3d at 906.

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. Code Civ. P. art. 967(B). A plaintiff may not satisfy his burden on summary judgment by relying on allegations and uncorroborated, self-serving testimony in response to the defendant's properly made and supported motion for summary judgment. *Caminita for and on Behalf of Caminita v. Roman Cath. Church of Archdiocese of New Orleans*, 20-54 (La. App. 5 Cir. 7/8/20), 299 So.3d 1269, 1272, citing *Cavet v. Louisiana Extended Care Hosp.*, 47,141 (La. App. 2 Cir. 5/16/12), 92 So.3d 1122, 1131.

Baldone attached the following exhibits to his opposition to the motion for summary judgment: (1) a February 7, 2024 affidavit wherein Baldone asserted that he never owned the Armada; (2) the transcript of the recorded conversation between Baldone and an agent of Farm Bureau; and (3) a February 7, 2024 affidavit of Angela H. Carrerre, the office manager of Baldone Investment Group, L.L.C. He argues that this evidence creates a genuine issue of material fact as to the ownership of the vehicle.

In Carrerre's February 7, 2024 affidavit, she attested that she has been employed by Baldone Investment Group, LLC as an office manager for the past seventeen years. Carrerre further asserted that the Armada was "paid for and owned by Baldone Investment Group, LLC." We note that Carrerre did not state whether Baldone was an owner, co-owner, or not an owner at all.

10

In his February 7, 2024 affidavit, Baldone stated that he had never had an ownership interest in the Armada and that he was unaware that the dealership had accidentally and erroneously included him as an owner of the Armada. Baldone attested that the Armada was solely owned by Baldone Investment Group, LLC. Nevertheless, this conflicts with Baldone's own assertion in his petition for damages that he was the owner of the Armada.

In his appellate brief, Baldone asserts that he did not purchase the Armada himself, but authorized another to purchase and complete the paperwork. However, the power of attorney documents list Damon Baldone as an owner and buyer of the Armada.

Louisiana Revised Statutes 22:1295(1)(e) does not mandate UIM coverage when the motor vehicle occupied by the insured is owned by the insured and not described in the policy under which the claim is made. Having reviewed the evidence presented in support and opposition of the motion for summary judgment, we conclude that Baldone has failed to present evidence sufficient to create a genuine issue of material fact. Carrerre's affidavit does not explicitly dispute that Baldone is an owner, or joint-owner, of the vehicle, but rather names Baldone Investment Group as the owner. That leaves Baldone's affidavit, which is uncorroborated and contradicts his own assertions in the initial petition. All other documents relating to the vehicle and presented to the court, including the vehicle application, list Baldone as an owner of the vehicle. Accordingly, we find that Baldone's supporting evidence does not create a genuine issue of material fact that would preclude summary judgment. These assignments of error lack merit.

### DECREE

For the above and foregoing reasons, the 32nd Judicial District Court's March 11, 2024 judgment granting Louisiana Farm Bureau Casualty Insurance Company's motion for summary judgment and dismissing Damon Baldone's

claims with prejudice is affirmed. Costs of this appeal are assessed to Damon Baldone, Appellant.

**AFFIRMED.**