SCHOTT, Judge.
Plaintiff has appealed from a dismissal of his suit for the value of his automobile which he claims was lost while stored with defendant. At issue is whether the evidence establishes that defendant was a depositary and that he carried the burden of proof to avoid liability for the loss of the automobile.
After plaintiff’s automobile was heavily damaged in an accident on the Airline Highway in St. Charles Parish on September 9, 1972, the state police had defendant pull the automobile to his facility in Norco. Two days later plaintiff removed various articles from the car, and apparently made two or three other visits to defendant’s place of business until the latter part of September when he saw the automobile for the last time there. He spoke to defendant on a couple of occasions but never made any arrangements either to pay for the storage of the automobile or to pick it up. Sometime thereafter he heard that the automobile was missing and after searching for the automobile he finally located it in May, 1974, at another place where defendant stored automobiles in Montz, Louisiana.
According to defendant, he kept wrecked automobiles at his facility in Norco for six or seven months and then would routinely move them to his other facility in Montz because of a lack of space in Norco. He recalled plaintiff talking to him about the automobile on the first occasion when plaintiff retrieved articles from it.
The trial judge concluded that the only facts plaintiff proved was that he failed to recover his vehicle from defendant, knowing that it was parked there. We agree. Plaintiff knew where his automobile was and never bothered to recover it despite the fact that it was on the Norco premises for six months. It was obvious that this was an open unprotected lot where wrecked automobiles were stored on a temporary basis, and plaintiff without having paid any fee whatsoever would shift to defendant his own blame for failing to protect his own property over a long period of time.
*CMLXIX Plaintiff would have us apply the articles in the Civil Code on the obligations of the depositary, Arts. 2937, et seq., and hold that once the automobile was deposited with defendant the burden was on him to exonerate himself from liability for any damage done to the automobile. He relies principally on Coe Oil Service, Inc. v. Hair, 283 So.2d 734 (La.1973). This argument has no merit for a number of reasons. In the cited case, plaintiff’s automobile was left overnight with the defendant who operated a facility on a regular basis for the service, maintenance and storage of airplanes. The court had little difficulty applying Art. 2938’s provisions for rigorous enforcement, especially since this was a compensated depositary who specifically invited plaintiff to deposit the airplane with it. In the case at bar there is no showing that defendant was compensated by anyone or that this deposit was made at his request. There is no showing what his arrangement was with the State Police and, most important, plaintiff himself made no arrangement with defendant whatsoever. Even if an initial deposit arrangement was made for the first day or two when plaintiff located his automobile, spoke to defendant and removed articles from it, the responsibility for the automobile then became plaintiff’s, and his subsequent cavalier treatment of the automobile culminating in his failure to do anything about the car until somebody told him defendant had moved it from his Norco facility, constituted an abandonment of the automobile by plaintiff. This abandonment is further demonstrated by the fact that after defendant moved the automobile six months after the wreck plaintiff never asked defendant where the automobile was even though defendant knew that the automobile had been towed to his other facility in Montz. Plaintiff’s testimony that he searched for the automobile until May, 1974, seems incredible considering the fact that he needed only to make an inquiry with the defendant to learn where it was.
Finally, plaintiff cites LSA-R.S. 32:521 as placing some requirements on defendant in this case, but the statute is inapplicable. It provides a mechanism for a garage owner to sell an automobile after a certain period of time in order to collect storage fees. It does have reporting requirements but the statute is self operable in that the failure of the garage owner to make the reports results in his forfeiture of the right to sell the automobile in accordance with the statutory provisions. It also subjects him to criminal penalties. This has nothing to do with plaintiff’s case.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.