COLE, Judge:
Plaintiff, Roger Hutchinson, appeals from a judgment denying him recovery for property damage to his truck sustained while the vehicle was on defendant’s premises. Plaintiff’s truck had previously been wrecked and had been towed to Aime’s Automotive Center for tire repair. The work was completed on November 1, 1977. Hutchinson went to defendant’s repair shop, paid the bill and attempted to drive the truck away. When the truck would not start, Hutchinson and Ricky Aime examined the motor. They discovered the accident had caused extensive damage to the transmission, the radiator, the motor, the motor supports and the axle.
*144 The testimony at trial is conflicting as to the arrangements made concerning the truck. Aime testified that his shop did not perform any automatic transmission work or body work and that Hutchinson had agreed to have the truck towed away that night. Hutchinson testified he knew people who had taken their cars to Aime’s for automatic transmission repair. He stated that he and the defendant agreed to look around for various parts and that he understood Aime would repair the truck.
That night at approximately 8:00 o’clock the truck was extensively damaged by fire. The cause of the fire is unknown and there was no evidence of an investigation to determine its origin.
Hutchinson filed suit against Aime and his insurer, Maryland Casualty Company, alleging Aime was responsible for the damage as a compensated depositary. The trial court found for defendants. Since written reasons were not assigned, we can only infer what his factual conclusions might have been.
The deciding issue is whether or not the defendant was a depositary at the time the truck was damaged. Because we find no relationship of deposit, we affirm the trial court’s judgment.
A thorough examination of the record reveals the relationship of deposit has not been proven by a preponderance of the evidence. Deposit is defined in Louisiana Civil Code Article 2926 as follows:
“A deposit, in general, is an act by which a person receives the property of another, binding himself to preserve it and return it in kind.”
A deposit is either voluntary or necessary. C.C. 2931. A voluntary deposit occurs when there is mutual consent of the person making the deposit and the person receiving it. C.C. 2932. The relationship of an automobile repairman and automobile owner has been characterized as a compensated voluntary deposit. Travelers Insurance Co. v. General Auto Service, Inc., 220 So.2d 738 (La.App. 4th Cir. 1969); Miller v. Hammond Motors, 40 So.2d 29 (La.App. 1st Cir. 1949).
The trial record clearly indicates Aime was a depositary of the truck from the time he received it until the time Hutchinson accepted the work as completed and attempted to drive the truck away. During this time period there was mutual consent that Aime was the “custodian” of the truck and should use due care accordingly. As a depositary, Aime was obligated to return the truck to Hutchinson. This return was accomplished when Hutchinson paid for the tire repairs and attempted to drive the truck away. The deposit was thereby terminated.
Plaintiff argues that under C.C. 2933, the defendant had given his implied consent to be the depositary by allowing the truck to remain on his premises. Article 2933 reads as follows:
“The voluntary deposit can only be regularly made by the owner of the thing deposited, or with his consent expressed or implied.
“Consent is implied when the owner has carried or sent the thing to the depositary, and the latter knowing that the thing had been sent, has not refused to receive it.”
This article is applicable when the issue concerns the initial establishment of a deposit relationship through delivery. It is inappropriate in the present circumstances where the truck was already on the premises. It is true the defendant allowed the truck to remain. However, it must be noted the defendant fully expected the plaintiff to remove his truck that evening and did not intend to repair the truck or to be responsible for the truck in any way. In light of the fact that the truck was immobilized and required towing, defendant’s allowing it to remain temporarily on his premises was nothing more than a business courtesy.
Plaintiff’s testimony at trial contains no concrete statements that the defendant actually agreed to repair the truck. The fact that the defendant allegedly agreed to help plaintiff look for parts is ambiguous and cannot be considered as a commitment to *145 resume responsibility for the truck. This rather weak evidence, when considered with respect to statements by defendant and a former employee that his shop was incapable of performing repairs on automatic transmissions, does not prove a deposit relationship was re-established.
For the foregoing reasons, the judgment of the trial court is affirmed. Plaintiff is to pay all costs.
AFFIRMED.