DUFRESNE, Judge.
This is an appeal by Rollins Leasing Corporation, plaintiff-appellant, from a judgment in favor of New Orleans Mack Truck Sales and Services, Inc., defendant-appel-lee, in a suit to recover the value of a Rollins truck stolen from New Orleans Mack’s service yard. Because we agree with the trial court that no deposit existed, we affirm.
FACTS
Rollins is the owner of a fleet of tractor trailer trucks which it leases. At the time this suit arose, Rollins had leased several trucks to Hooker Chemicals and Plastic Corporation in Taft. The trucks were driven by Hooker drivers, each of which was assigned a particular truck. The truck assigned to Paul Dagoberg, one of the Hooker drivers, had been brought to New Orleans Mack for servicing, and Dagoberg had temporarily been assigned another unit. A few days later, Dagoberg was scheduled to make a trip from Taft to Mississippi. As his route was to apparently take him near New Orleans Mack, he stopped there to swap his temporary truck for his regular one which had by then been repaired. Richard Thornton, New Orleans Mack’s shop foreman directed Dagoberg to park the temporary truck out of his way in New Orleans Mack’s fenced service yard. It was understood that the temporary truck would be picked up later. When the driver who was to retrieve the temporary truck arrived at New Orleans Mack the next day, it was discovered that the substitute truck had been stolen from the service yard. It has never been recovered. The stipulated value of the truck was some $46,000.00.
Rollins sued New Orleans Mack for the value of the truck, alleging that it was a compensated depositary, and had negligently allowed the truck to be stolen. After hearing the evidence, the trial judge concluded that Rollins had not established that a deposit relationship existed. He also found in the alternative that if there was a deposit, New Orleans Mack did not fail to use due diligence in preserving Rollins’ property. Rollins now appeals.
The issue before us is whether Rollins established that a deposit was created when Richard Thornton permitted Paul Da-goberg to park the substitute truck in New Orleans Mack’s service yard.
Article 2926 of the Louisiana Civil Code defines deposit as “an act by which a person receives the property of another, binding himself to preserve it and return it in kind.” Article 2930, provides that the de *1019 posit is perfected by “delivery” of the thing deposited. Article 2932, requires mutual consent of the person making the deposit and the person receiving it. Finally, Article 2933, provides that consent is implied when the owner has sent the thing to the depositary, and the “latter knowing that the thing had been sent, has not refused to receive it.”
Construing these article in Coe Oil Service v. Hair, 283 So.2d 734, 738 (La.1973), the court stated that “for the delivery of the object to another to constitute a deposit, there must also be mutual intent, expressed or implied, Articles 2932, 2933, that by the act of accepting it the person who receives it has bound himself to safeguard it. Article 2926.” The factual question to be resolved by the trial court was, therefore, whether Thornton expressly or impliedly bound New Orleans Mack as to safeguard the substitute truck when he permitted Dagoberg to park it in the service yard. Thornton testified that he had no knowledge of any “swap-out” arrangement until Dagoberg arrived at the yard and asked if he could leave the substitute truck until someone picked it up. Thornton further stated that he told Dagoberg to park the truck out of the way, but did not remember any conversation about the keys. W.J. Berteau, New Orleans Mack’s business manager, similarly testified that he was never informed of any “swap-out” arrangement involving the Rollins truck.
On the other hand, Dagoberg testified that there was an arrangement made with New Orleans Mack before he left Taft whereby he was to swap the trucks, but admitted that his memory was vague as to the details of this arrangement. He also said that Thornton told him to park the truck out of the way and leave the keys in it.
Although the judgment is silent as to factual findings, it is clear that the trial court credited the testimony of Thornton and Berteau to the effect that no prior arrangement had been made with New Or- • leans Mack for swapping the trucks. This is so because had he not made this finding, then his conclusion that there was no deposit would have been erroneous under La. Civ.Code, art. 2933, par. 2.
In this court’s opinion, then, the mere fact that Dagoberg was permitted to leave the truck on New Orleans Mack’s premises, without any prior arrangements, is not sufficient to establish the implied mutual consent necessary to a deposit agreement, La. Civ.Code art. 2932.
A similar result was reached in Hutchinson v. Aime, 392 So.2d 143 (La.App. 1st Cir.1980) where the court ruled that the mere act of leaving a truck on a mechanic’s premises, without any commitment on the part of the mechanic to assume responsibility for the vehicle, does not give rise to a deposit, but is a mere business courtesy. Because we find no manifest error in the trial court’s reliance on the testimony of Thornton and Berteau that no arrangements were made as to receipt of the temporary truck, we hold that Thornton’s mere act of permitting Dagoberg to park the vehicle in New Orleans Mack’s service yard was simply a business courtesy, and not a deposit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.