NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 1001

MARY FITZPATRICK POLLARD, INDEPENDENT EXECUTOR OF THE
SUCCESSION OF OTIS MILES POLLARD, JR.

VERSUS

KENNETH M. GUIDRY

Judgment Rendered: JUN 0 3 2022

Appealed from the
Nineteenth Judicial District Court
in and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C684311

Honorable William Morvant, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*

Ernest A. Burguieres, III
New Orleans, LA

Counsel for Plaintiff/Appellant.
Mary Fitzpatrick Pollard, Independent
Executor of the Succession of Otis Miles
Pollard, Jr.


Jean-Paul Layrisson
Krista D. Eleew
Timothy D. Scandurro
New Orleans, LA

Counsel for Defendant/Appellee,
Kenneth M. Guidry

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**WHIPPLE, C.J.**

In this matter involving a conversion claim by plaintiff seeking the return of one Porsche and damages related to the sale of another Porsche, both allegedly owned by plaintiff's deceased husband, and attorney fees, expert fees, and costs, and a reconventional demand by defendant for declaratory judgment relief or, alternatively, damages, storage fees, and attorney fees, plaintiff appeals the trial court's judgment denying her motion for partial summary judgment, granting defendant's motion for summary judgment, rendering declaratory judgment relief in favor of defendant, and dismissing plaintiff's claims with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In approximately 1981 or 1982, Otis Miles Pollard, Jr. brought two Porsches, a 1963 Porsche 356B coupe, VIN 124046 ("the black Porsche"), and a 1965 Porsche 356C, VIN 161151 ("the green Porsche"), to Kenneth Guidry, who, at the time, operated a Porsche repair shop on property he owned on Staring Lane in Baton Rouge, Louisiana, for repair work. At that time, neither car was running or drivable. Mr. Pollard told Mr. Guidry what work he wanted performed, which Mr. Guidry completed in the early 1980s and for which Mr. Pollard paid him. Specifically, Mr. Guidry removed and cleaned the gas tank and rebuilt the carburetors to get the black Porsche to a drivable state, but did not perform any further work on that car. He also removed the engine from the green Porsche, which was full of water. While Mr. Pollard and Mr. Guidry talked about other work on the cars, Mr. Pollard never authorized any further work. Mr. Pollard did not retrieve the cars after Mr. Guidry completed the work Mr Pollard had authorized, and the cars remained at Mr. Guidry's repair shop for an extended period of time. Other than these two Porsches, Mr. Guidry did not store any other cars at his repair shop.

Around 1990, Mr. Guidry ceased performing repair work on cars and closed his repair shop to pursue other business endeavors, but the two Porsches remained at his shop on Staring Lane. Thereafter, in 1998, because Mr. Guidry was starting another, unrelated, business in his building on Staring Lane that had previously housed the repair shop, he contacted Mr. Pollard about removing the cars from his shop. However, Mr. Pollard did not retrieve either car and did not return to the shop during the next sixteen years. In September 2014, after the passage of another sixteen years with the cars remaining at his shop, Mr. Guidry successfully applied with the State of Louisiana to have the two Porsches titled in his name.[1] After applying for and receiving title, Mr. Guidry began restoration work on the green Porsche and sold the black Porsche to a third party in October 2015.

Following Mr. Pollard's death in September 2018, his son Steele Pollard visited Mr. Guidry's business on Staring Lane to inquire about the two Porsches and learned that the cars had been titled in Mr. Guidry's name. This lawsuit ensued.

On June 17, 2019, Mary Fitzpatrick Pollard, the independent executor of the Succession of Mr. Pollard, filed suit against Mr. Guidry, alleging that Mr. Guidry had improperly converted the two Porsches belonging to Mr. Pollard for his personal use and seeking return of the green Porsche, damages, costs, and attorney's fees.

Mr. Guidry reconvened, contending that the cars had been abandoned and seeking a declaratory judgment declaring that he was in rightful possession of the green Porsche, that he owed no sale proceeds from the sale of the black Porsche, and that he did not owe any damages as alleged by Mrs. Pollard. Alternatively,

---

[1] According to Mr. Guidry, Mr. Pollard did return to his shop in December 2015, after Mr. Guidry had already obtained title to the cars. However, because Mr. Guidry was engaged in work related to his new business, he asked Mr. Pollard to return the next day. Although Mr. Pollard agreed to return the next day, he in fact never returned. The purpose of Mr. Pollard's visit is unknown.

Mr. Guidry contended that in the event the court found that Mrs. Pollard was entitled to the Porsches and/or damages, he was entitled to set-off and payment in the amount of $138,000.00 for thirty-two years of storage of the cars, 600 hours of skilled labor, and money spent to repair and restore the cars. Mr. Guidry further contended in the alternative that in the event the court found that Mrs. Pollard was entitled to the Porsches, Mr. Guidry was entitled to all fees for restoration work, skilled mechanical labor, storage fees, and attorney fees.

Thereafter, Mrs. Pollard filed a Motion for Partial Summary Judgment, contending that Mr. Pollard owned the two Porsches and that Guidry had "illegally obtained title to the cars." Thus, she sought summary judgment in her favor finding Mr. Guidry liable for tortious conversion and breach of his duties as a compensated depositary, ordering Mr. Guidry to return the green Porsche to the estate of Mr. Pollard, and ordering Mr. Guidry to refund the sales price of the black Porsche to Mr. Pollard's estate.[2] Additionally, Mrs. Pollard sought dismissal of Mr. Guidry's reconventional demand, contending that a defendant in a tortious conversion case cannot assert compensation, setoff, or comparative negligence against the plaintiff.

Mr. Guidry opposed the motion, averring, in part, that: Mrs. Pollard had presented no evidence of Mr. Pollard's ownership of the cars, an essential element of her conversion claim; any depositary relationship that may have existed had long since terminated; Mr. Pollard had abandoned the cars; and Mr. Guidry had thereafter acquired ownership.

Mr. Guidry also filed a Motion for Summary Judgment, seeking dismissal of Mrs. Pollard's claims against him and further seeking declaratory judgment in his favor, declaring that he was the owner of the two cars. In support of his motion,

---

[2]Mrs. Pollard sought to have any additional damages and costs determined at a later date.

Mr. Guidry contended that there was no documentation or evidence of Mr. Pollard acquiring the vehicles, registering or titling the vehicles, or insuring them, and how Mr. Pollard came to possess the black Porsche and the green Porsche was unclear. Mr. Guidry further contended that Mr. Pollard had abandoned the cars, thus giving up any right to own or possess them, and that Mr. Guidry had acquired ownership of the cars by acquisitive prescription. Additionally, Mr. Guidry asserted that prior to Mr. Pollard's abandonment of the black Porsche, it was given to Mr. Guidry. Thus, he sought dismissal of Mrs. Pollard's claims against him and judgment in his favor, declaring him to be the rightful owner of the Porsches.[3]

Mrs. Pollard opposed Mr. Guidry's motion, arguing that Mr. Guidry was a compensated depositary and, thus, a precarious possessor of the cars, in whose favor acquisitive prescription does not run. She contended that because Mr. Guidry never gave Mr. Pollard actual notice of his intent to possess the cars for himself, his precarious possession never terminated and he never acquired ownership of the cars through acquisitive prescription.

Following a hearing on the motions, the trial court, in oral reasons, noted that, with regard to Mrs. Pollard's Motion for Partial Summary Judgment, "there is absolutely nothing to establish any proof of ownership on the part of Mr. Pollard which is an absolute necessary element for [a] conversion claim." Thus, the court concluded that Mrs. Pollard had not established her entitlement to summary

---

[3]While the declaratory relief sought by Mr. Guidry in his reconventional demand included requests for a declaration that he did not owe any sales proceeds from the sale of the black Porsche (which he had sold prior to this suit being filed) or damages to Mrs. Pollard and that he was in rightful possession of the green Porsche, it did not include the request for a declaration that he was the rightful owner of the Porsches. Nonetheless, he clearly placed this requested relief at issue as to both cars in his Motion for Summary Judgment pleading, despite having previously sold the black Porsche. Mrs. Pollard neither objected to the expansion of the pleadings in the trial court below nor complained on appeal. Thus, the pleadings were expanded when evidence was presented on that issue without objection, and the issue of Mr. Guidry's ownership of the cars "shall be treated in all respects as if [it] had been raised by the pleading." See LSA-C.C.P. art. 1154; Carraway v. Carraway, 2020-1309 (La. App. 1st Cir. 7/29/21) (unpublished), 2021 WL 3205383, *4 n.6, writ denied, 2021-01764 (La. 1/19/22), 331 So. 3d 325.

5

judgment in her favor. Regarding Mr. Guidry's Motion for Summary Judgment, the court further concluded that if Mr. Pollard did own the vehicles, which was not established by the record, he clearly abandoned the vehicles at the latest in 1998, when he was asked to come and get the vehicles and he did not do so. The court further concluded that when Mr. Guidry applied for title to the cars in 2014, he began to possess as owner and acquired ownership after three years. Thus, the court concluded that Mr. Guidry had established his entitlement to summary judgment in his favor, dismissing Mrs. Pollard's claims against him and granting declaratory judgment in his favor.

Thereafter, the trial court signed a judgment on May 20, 2021, denying Mrs. Pollard's Motion for Partial Summary Judgment, granting Mr. Guidry's Motion for Summary Judgment, dismissing Mrs. Pollard's claims against Mr. Guidry with prejudice; declaring that Mr. Guidry is the rightful owner of the 1965 green Porsche 356C Cabriolet VIN 161151, and declaring that Mr. Guidry owed Mrs. Pollard nothing for the sale of the 1963 black Porsche 356 coupe VIN 124046 sold by Mr. Guidry in 2015.

From this judgment, Mrs. Pollard appeals, contending that the trial court erred as a matter of law in: (1) granting Mr. Guidry's Motion for Summary Judgment based on a patently incorrect analysis of Louisiana property law; (2) declaring Mr. Guidry the owner of the green Porsche; and (3) finding Mr. Guidry owed Mrs. Pollard nothing for the sale of the black Porsche.

**SUMMARY JUDGMENT PRECEPTS**

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Jones v. Anderson, 2016-1361 (La. App. 1st Cir. 6/29/17), 224 So. 3d 413, 417. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine

6

issue as to material fact and that the mover is entitled to judgment as a matter of law.[4] LSA-C.C.P. art. 966(A)(3).

The initial burden of proof is on the mover. LSA-C.C.P. art. 966(D)(1). When the mover will bear the burden of proof at trial, the burden of showing that there is no genuine issue of material fact and that mover is entitled to judgment in its favor remains with the mover. Only when the mover makes this showing does the burden shift to the opposing party to present evidence demonstrating a material

---

[4]The trial court, and this court on *de novo* review, may only consider evidence that is admissible under the express provisions of LSA-C.C.P. arts. 966 and 967. Huggins v. Amtrust Insurance Company of Kansas, Inc., 2020-0516 (La. App.1st Cir. 12/30/20), 319 So. 3d 362, 366. As such, we may consider *only those documents filed in support of or in opposition to the motion for summary judgment* and shall consider any documents to which no objection is made. LSA-C.C.P. art. 966(D)(2) (emphasis added).

In the instant case, in her opposition to Mr. Guidry's Motion for Summary Judgment, Mrs. Pollard referred to, but did not file, Mr. Guidry's deposition, which she referred to as Exhibit 2 (numbering corresponding to her exhibits filed in support of her own Motion for Partial Summary Judgment), and her own deposition, which was filed by Mr. Guidry in support of his Motion for Summary Judgment.

Similarly, in Mr. Guidry's reply memorandum in support of his Motion for Summary Judgment, Mr. Guidry stated that he "adopt[ed] by reference and incorporate[d] herein the facts, arguments, legal authorities, and **exhibits** presented in and with" his opposition to Mrs. Pollard's Motion for Partial Summary Judgment and "the Response to Statement of Uncontested Facts and Statement of Contested Facts, and **the attached exhibits**, all filed on April 29, 2021." (Emphasis added).

Recognizing the potential procedural issue, the trial court, at the hearing on the motions, stated that it was considering the motions as cross-motions for summary judgment and would consider whatever evidence was filed with one party's motion as part of that party's opposition to the other party's motion.

Under prior summary judgment law, in a case where cross motions for summary judgment were filed, the trial court was able to consider each party's motion as an opposition to the other party's motion and to consider all evidence offered on the cross motions. Huggins, 319 So. 3d at 367. However, under current LSA-C.C.P. art. 966(D)(2), in reviewing the grant of summary judgment, we may consider only those documents specifically filed in support of or in opposition to **that** motion for summary judgment. See Huggins, 319 So. 3d at 367.

Thus, while we would not be able to consider evidence filed in support of Mrs. Pollard's Motion for Partial Summary Judgment as evidence supporting her opposition to Mr. Guidry's Motion for Summary Judgment, we note that both exhibits to which she refers in opposition to Mr. Guidry's motion (the depositions of the parties) were in fact filed by Mr. Guidry in support of **his** motion. Thus, we may consider those depositions in reviewing the grant of Mr. Guidry's Motion for Summary Judgment.

Regarding Mr. Guidry's reference in his reply memorandum in support of his own motion to exhibits filed in opposition to Mrs. Pollard's motion, a review of the record indicates that Mr. Guidry had previously filed in support of his motion all but one of the exhibits he attempted to adopt by reference in his reply memorandum in support of his motion. Accordingly, while most of the exhibits relied upon by Mr. Guidry in support of **his** motion may be considered by this court, we may not consider any exhibit filed solely in opposition to Mrs. Pollard's motion and merely referenced in support of Mr. Guidry's motion, such as Mr. Guidry's Exhibit K in opposition to Mrs. Pollard's motion, an unsigned Notice of Records Deposition addressed to Mr. Guidry, purporting to give notice that Mrs. Pollard would be taking the records depositions of the State of Louisiana, Department of Public Safety, Office of Motor Vehicles and the State of California Department of Motor Vehicles.

factual issue remains or that mover is not entitled to judgment as a matter of law. See Action Oilfield Services, Inc. v. Energy Management Company, 2018-1146 (La. App. 1st Cir. 4/17/19), 276 So. 3d 538, 541-542.

Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is then on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1).

Appellate courts review summary judgments *de novo*, using the same standards applicable to the trial court's determination of the issues, and ask the same questions the trial court does in determining whether summary judgment is appropriate. Cabana Partners, LLC v. Citizens Bank & Trust Co., 2018-0133 (La. App. 1st Cir. 12/21/18), 269 So. 3d 986, 990. See also LSA-C.C.P. art. 966(A)(3).

## DISCUSSION

As set forth above, Mrs. Pollard asserted claims of conversion and breach of duties as a compensated depositary against Mr. Guidry. In support of his Motion for Summary Judgment seeking dismissal of Mrs. Pollard's claims against him and declaratory judgment in his favor, Mr. Guidry argued that Mr. Pollard's ownership of the cars had not been established; that Mr. Pollard had abandoned the cars, thus giving up any right to own or possess them; and that Mr. Guidry had thereafter acquired them by acquisitive prescription.

Through her assignments of error on appeal, Mrs. Pollard challenges the trial court's grant of Mr. Guidry's Motion for Summary Judgment, dismissing her

8

claims against him, declaring him the owner of the green Porsche, and declaring that he owed Mrs. Pollard nothing for the sale of the black Porsche. Mrs. Pollard first contends that even if the record is void of titles to the cars in Mr. Pollard's name, by operation of law, he acquired the cars by possession as owner for over ten years, and, accordingly, the trial court erred in finding no evidence of his ownership of the cars. She further contends that Mr. Guidry bore the burden of proving that he acquired ownership of the two cars through either acquisitive prescription of three years with good faith and just title, see LSA-C.C. art. 3490, or through acquisitive prescription of ten years without good faith or just title, see LSA-C.C. art. 3491, and that to do so, he had to prove that he possessed the cars **as owner** to commence the running of acquisitive prescription. Mrs. Pollard asserts that Mr. Guidry's possession of the cars commenced as a compensated depositary on behalf of Mr. Pollard and, thus, was precarious and that his precarious possession of the cars never terminated. Accordingly, she contends that the trial court erred in declaring that Mr. Guidry was the owner of the green Porsche and that he owed Mrs. Pollard nothing for the sale of the black Porsche.

## I. **Mr. Pollard's Ownership of the Cars**

Addressing first Mrs. Pollard's contention that the trial court erred in finding no evidence of Mr. Pollard's ownership of the cars where he had acquired ownership by ten years of possession as owner, we note that Mrs. Pollard did not raise in the trial court below the issue of Mr. Pollard's ownership of the cars by acquisitive prescription either in support of her own Motion for Partial Summary Judgment or in opposition to Mr. Guidry's Motion for Summary Judgment. Indeed, she offered no argument or evidence of Mr. Pollard's ownership of the cars by any means in relation to either motion. In deciding a motion for summary judgment, a court can consider only those issues raised in the motion or opposition filed by the parties. LSA-C.C.P. art. 966(F) & 2015 Official Revision

9

Comments—2015, comment (l). The court cannot rule on issues not raised by the parties. Pontchartrain Natural Gas System v. Texas Brine Company, LLC, 2018-0254 (La. App. 1st Cir. 12/12/19), 293 So. 3d 1157, 1160, writ denied, 2020-00334 (La. 6/22/20), 297 So. 3d 762; see also Simon v. CenturyLink, Inc., 2021-0412 (La. App. 1st Cir. 12/22/21), ___ So. 3d ___, ___, 2021 WL 6065886, *3, n.2. Thus, the issue of Mr. Pollard's ownership of the cars by virtue of acquisitive prescription is not properly before us.

We further note that *in denying Mrs. Pollard's Motion for Partial Summary Judgment*, the trial court, in oral reasons for judgment, found that Mrs. Pollard had not carried her burden of proof in support of her conversion claim and that a genuine issue of material fact remained, because she had presented absolutely no evidence to establish Mr. Pollard's ownership of the cars, an essential element of a claim of conversion. See Duet v. Landry, 2017-0937 (La. App. 1st Cir. 4/30/18), 250 So. 3d 918, 922 (a conversion claim does not exist where the plaintiffs did not have an ownership interest in the thing allegedly converted). Further, a review of Mrs. Pollard's appellate brief and her assignments of error indicates that she is appealing the portion of the trial court's judgment *granting Mr. Guidry's Motion for Summary Judgment* and not that portion of the trial court's judgment denying her Motion for Partial Summary Judgment. Nonetheless, to the extent that Mrs. Pollard's brief and arguments could be viewed as seeking review of the denial of her motion, on *de novo* review, we find no error in the trial court's conclusion that Mrs. Pollard failed to establish an essential element of her claim, i.e., Mr. Pollard's ownership of the cars.[5]

---

[5]In opposition to Mrs. Pollard's motion (as well as in support of his own), Mr. Guidry filed the deposition of Mrs. Pollard, in which she testified that she could not find any documentation as to Mr. Pollard's ownership of either car and that, while she thought he acquired the cars in the early 1980s, she did not know how Mr. Pollard had acquired the cars. Mrs. Pollard further testified that neither car was mentioned in Mr. Pollard's will. Mr. Guidry also filed Mrs. Pollard's answers to Mr. Guidry's discovery requests, in which she acknowledged

## II. Abandonment, Precarious Possession as Depositary, and Mr. Guidry's Ownership by Acquistive Prescription

In addition to his contention that there was a lack of any evidence establishing Mr. Pollard's ownership of the cars, Mr. Guidry sought summary judgment in his favor, dismissing Mrs. Pollard's claims against him and granting declaratory judgment, on the basis that Mr. Pollard had abandoned whatever interest he had in the cars, whether ownership or possessory, and that Mr. Guidry had thereafter obtained ownership thereof. In granting Mr. Guidry's motion, the trial court found: that if Mr. Pollard did own the cars, he had clearly abandoned them; that Mr. Guidry had begun to possess the cars as owner in 2014 when he applied for title to the cars; and that Mr. Guidry had thereafter acquired title to the abandoned cars and ownership through acquisitive prescription.

On appeal, Mrs. Pollard contends that the trial court erred in finding that Mr. Guidry ever possessed the cars as owner, a necessary finding for acquisitive prescription. She contends that Mr. Guidry bore the burden of proving that he acquired ownership of the two cars through either acquisitive prescription of three years with good faith and just title, see LSA-C.C. art. 3490, or through acquisitive prescription of ten years without good faith or just title, see LSA-C.C. art. 3491, and that to do so, he had to prove that he possessed the cars **as owner** for the requisite number of years so as to commence the running of acquisitive prescription.

---

that she had been unable to locate any titles, registration, insurance, sale documents, or invoices relating to either the black Porsche or the green Porsche.

In further opposition to Mrs. Pollard's motion, Mr. Guidry filed the deposition of Lieutenant Jared Sandifer with the Louisiana State Police, who performed a physical inspection of the cars and checked the VINs through the NCIC ("National Criminal Information Center") database, in connection with Mr. Guidry's application for title to the cars. Based on his investigation, he determined that the cars were not stolen and were not registered to anyone. Mr. Guidry also filed the deposition of Lauren Debatz, the designated representative of the State of Louisiana, Department of Public Safety, Office of Motor Vehicles, who testified that there was nothing in the Office of Motor Vehicle files indicating that Mr. Pollard was owner of the cars and that if a vehicle is titled to an individual, that information would show up in the NCIC database.

11

Contrariwise, Mrs. Pollard asserts that Mr. Guidry's possession of the cars commenced on behalf of Mr. Pollard as a deposit relationship and, thus, was precarious and that his precarious possession of the cars never terminated. Accordingly, because acquisitive prescription can never run in favor of a precarious possessor, LSA-C.C. art. 3477, Mrs. Pollard contends that the trial court erred in dismissing her claims against Mr. Guidry, declaring Mr. Guidry the owner of the green Porsche, and further declaring that he owed Mrs. Pollard nothing for the sale of the black Porsche.

The **ownership** and **possession** of a thing are distinct. LSA-C.C. art. 481 (emphasis added). Ownership is the right that confers on a person direct, immediate, and exclusive authority over a thing. The owner of a thing may use, enjoy, and dispose of it within the limits and under the conditions established by law. LSA-C.C. art. 477. Possession, on the other hand, is the detention or enjoyment of a corporeal thing, movable or immovable, that one holds or exercises by himself or by another who keeps or exercises it in his name. LSA-C.C. art. 3421.

Regarding abandonment of a thing by an **owner**, abandoned movables are subject to the law of occupancy. LSA-C.C. art. 3418, Revision Comments—1982, comment (b). An owner abandons a thing when he relinquishes possession with the intent to give up ownership. LSA-C.C. art. 3418. The determination of intent to give up ownership is based upon objective criteria. LSA-C.C. art. 3418, Revision Comments—1982, comment (c). One who takes possession of an abandoned thing with the intent to own it acquires ownership by occupancy. LSA-C.C. art. 3418. Occupancy is the taking of possession of a corporeal movable that does not belong to anyone. The occupant acquires ownership the moment he takes possession. LSA-C.C. art. 3412.

Moreover, as to abandonment by a **possessor**, possession is lost when the possessor manifests his intention to abandon a thing. LSA-C.C. art. 3433. Similar to intent by an owner to abandon a thing, the intent to abandon possession of a thing may be established in the light of objective criteria. LSA-C.C. art. 3433, Revision Comments—1982, comment (c).

Acquisitive prescription, on the other hand, is a mode of **acquiring ownership** or other real rights **by possession** for a period of time. LSA-C.C. art. 3446 (emphasis added). To acquire possession, one must intend to possess as owner and must take corporeal possession of the thing. LSA-C.C. art. 3424. Ownership and other real rights in movables may be acquired either by the prescription of three years or by the prescription of ten years. LSA-C.C. art. 3489. One who has possessed a movable as owner, in good faith, under an act sufficient to transfer ownership, and without interruption for three years, acquires ownership by prescription. LSA-C.C. art. 3490. As to movables, the requirement of a "just title" is easily satisfied. There is no requirement that the title be written or recorded. LSA-C.C. art. 3490, Revision Comments—1982, comment (b). Additionally, one who has possessed a movable as owner for ten years acquires ownership by prescription. Neither title nor good faith is required for this prescription. LSA-C.C. art. 3491.

One is presumed to intend to possess as owner unless he began to possess in the name of and for another. LSA-C.C. art. 3427. The exercise of possession over a thing with the permission of or on behalf of the owner or possessor is precarious possession. LSA-C.C. art. 3437. A precarious possessor, such as a lessee or a depositary, is presumed to possess for another although he may intend to possess for himself. LSA-C.C. art. 3438. However, except in the case of a co-owner, a precarious possessor commences to possess for himself when he gives actual notice of this intent to the person on whose behalf he is possessing. LSA-C.C. art.

3439. Acquisitive prescription cannot run in favor of a precarious possessor. LSA-C.C. art. 3477.

At the time of the alleged deposit relationship herein, a deposit was defined as an act by which a person receives the property of another, binding himself to preserve it and return it in kind.[6] La. C.C. art. 2926 of the Louisiana Civil Code of 1870, prior to amendment of Title XIII of Book III of the Civil Code by Acts 2003, No. 491, effective 1/1/04. The relationship of an automobile repairman and automobile owner has been characterized as a compensated voluntary deposit. Hutchinson v. Aime, 392 So. 2d 143, 144 (La. App. 1st Cir. 1980).

Applying these precepts and turning to Mr. Guidry's Motion for Summary Judgment, we find on *de novo* review that the evidence presented by Mr. Guidry in support of his motion for summary judgment established that any deposit relationship between Mr. Pollard and Mr. Guidry had terminated at the latest in 1998 and, further, that Mr. Pollard had abandoned the cars, thus terminating any rights he had thereto, as owner or as possessor.

Mr. Guidry's deposition testimony filed in support of his motion established, as set forth above, that Mr. Pollard brought the two cars to Mr. Guidry's repair shop in approximately 1981 or 1982 for repair work. However, after the authorized repair work was completed by the mid-1980s and paid for, Mr. Pollard did not retrieve the cars. Moreover, even when Mr. Guidry closed his Porsche repair business in approximately 1990, Mr. Pollard still did not make any effort to retrieve the cars.

Most importantly, according to Mr. Guidry's testimony, Mr. Guidry contacted Mr. Pollard in 1998 and specifically told him to remove the cars from his

---

[6]Prior to 2004, the law provided that a depositary was bound to use the same diligence in preserving the thing deposited that he used in preserving his own property. La. C.C. art. 2937 of the Louisiana Civil Code of 1870, prior to amendment of Title XIII of Book III of the Civil Code by Acts 2003, No. 491, effective 1/1/04 (now see LSA-C.C. art. 2930).

14

Staring Lane property because Mr. Guidry needed the space for a new business enterprise. Accordingly, based on the evidence presented by Mr. Guidry, we conclude that Mr. Guidry produced factual support sufficient to find that any deposit relationship between Mr. Pollard and Mr. Guidry ended at the very latest in 1998, when Mr. Pollard was told to remove the cars from Mr. Guidry's premises.[7] See Hutchinson, 392 So. 2d at 144-145 (As between an automobile repairman and automobile owner, the return of the deposited automobile and the termination of the deposit relationship occurred when the repairs were completed and the owner paid for the repairs and attempted to drive the automobile away. The repairman's subsequent actions of allowing the immobilized automobile to remain on his premises was nothing more than a business courtesy and did not prove that the deposit relationship was re-established.).

Moreover, according to Mr. Guidry's testimony, when he asked Mr. Pollard to retrieve the cars in 1998, Mr. Pollard stated that he would transfer the black Porsche to Mr. Guidry as compensation for Mr. Guidry's storage of the two cars since the 1980s and that he would return later that week with the title to the black Porsche and to retrieve the green Porsche. However, despite being told at that time to remove the cars from Mr. Guidry's premises, Mr. Pollard did not return to Mr. Guidry's shop for the next sixteen years, at which point Mr. Guidry applied for title to the cars with the State of Louisiana. While Mr. Pollard may have initially manifested an intention to retrieve at least the green Porsche, **for the next sixteen years**, Mr. Pollard took no action nor made any effort to retrieve the cars or otherwise protect in any way whatever rights he may have had to the cars, despite having access to various storage facilities of his own, as well as a trailer he could

---

[7]If the contract of deposit does not specify the place of return, the thing deposited is to be returned at the place where the deposit was made. La. C.C. arts. 2953 & 2954 of the Louisiana Civil Code of 1870, prior to amendment of Title XIII of Book III of Civil Code by Acts 2003, No. 491, effective 1/1/04 (now see LSA-C.C. art. 2937).

have used to move them. These facts clearly and objectively establish his ultimate intention to abandon the cars. See Swain v. Hymel, 377 So. 2d 888, 888-889 (La. App. 4th Cir. 1979) (where plaintiff, whose wrecked vehicle was towed to defendant's storage facility, made no effort to pay for the storage or to retrieve the vehicle for six months and, after the vehicle was then towed to another facility owned by defendant, made no inquiry as to where the vehicle was located, plaintiff's actions constituted abandonment of the vehicle).

In opposition, Mrs. Pollard failed to establish the existence of a genuine issue of material fact as to the termination of any deposit relationship or of Mr. Pollard's abandonment of the cars.[8] Moreover, although Mrs. Pollard contends on appeal that Mr. Guidry's testimony as to the 1998 exchange between himself and Mr. Pollard was self-serving testimony and therefore insufficient to warrant summary judgment, we note that a court ruling on a motion for summary judgment must assume that all witnesses are credible. The Shaw Group v. Kulick, 2004-0697 (La. App. 1st Cir. 4/8/05), 915 So. 2d 796, 801. The exception to this general rule occurs where the mover's testimony absolving himself from liability contains substantive contradictions or discrepancies that would ordinarily call his credibility into doubt if presented to a fact-finder. Charles v. Travelers Indemnity Company, 2015-0956, 2015-0957 (La. App. 1st Cir. 5/10/16) (unpublished), 2016 WL 2669821, *8 (citing Hines v. Garrett, 2004-0806 (La. 6/25/04), 876 So. 2d 764, 768-769). However, there were no such discrepancies in Mr. Guidry's testimony. Consequently, we find no merit to this argument. See Charles, 2016 WL 2669821 at *8.

---

[8]As mentioned above, while Mr. Pollard did briefly visit Mr. Guidry's shop in December 2015, after Mr. Guidry had been issued title to the cars, the record does not establish Mr. Pollard's purpose for appearing at the shop at that time. Moreover, while he agreed to return the next day, he in fact never returned to Mr. Guidry's shop in the following years before his death in 2018. Thus, this brief appearance without the promised follow-up does not demonstrate that an issue of fact as to Mr. Pollard's abandonment of the cars remains.

16

As such, on *de novo* review, we conclude that Mr. Guidry demonstrated facts sufficient to establish both the termination of any deposit relationship and Mr. Pollard's abandonment of the cars, and Mrs. Pollard failed to come forward with evidence to demonstrate an issue of material fact. Upon Mr. Pollard's abandonment of the cars, he relinquished any ownership or possession rights he had thereto. See LSA-C.C. arts. 3418 & 3433. Because abandonment is the relinquishment of rights in a movable, Mr. Pollard's abandonment of the cars precluded Mrs. Pollard from asserting any claims relating to ownership or possession on his behalf or on behalf of his succession. As such, we find no error in the trial court's dismissal of Mrs. Pollard's claims against Mr. Guidry for conversion or any alleged breach of his duties as a depositary of the cars. Moreover, in light of Mr. Guidry's testimony and Mr. Pollard's abandonment of the cars, we likewise find no error in the trial court's grant of declaratory judgment declaring that Mr. Guidry owed Mrs. Pollard nothing for the subsequent sale of the black Porsche.

Additionally, we reject as meritless Mrs. Pollard's contention on appeal that the trial court erred in declaring Mr. Guidry the owner of the green Porsche on the basis that Mr. Guidry's possession of the car was always precarious such that acquisitive prescription could not run in his favor. As noted above, upon the termination of any deposit relationship and Mr. Pollard's abandonment of the cars, Mr. Guidry's possession of the cars ceased to be possession on behalf of Mr. Pollard, i.e. precarious possession, thus no longer preventing him from possessing as owner on his own behalf.

As to Mr. Guidry's ownership of the green Porsche, the evidence in support of Mr. Guidry's Motion for Summary Judgment further established Mr. Guidry's intent to possess the cars as owner, so as to commence the running of acquisitive prescription, when he applied for title to the cars in September 2014, in accordance

17

with LSA-R.S. 32:707(M),[9] following Mr. Pollard's abandonment of the cars as objectively established by his inaction for a period of sixteen years after being told to remove them from Mr. Guidry's premises. While title to a vehicle constitutes only *prima facie* proof of ownership and is not conclusive proof of same, Lambert v. Ray Brandt Dodge, Inc., 09-739 (La. App. 5th Cir. 1/26/10), 31 So. 3d 1108, 1112, writ denied, 2010-0430 (La. 4/30/10), 34 So. 3d 293; Ford Motor Credit Company v Soileau, 323 So. 2d 221, 223 (La. App. 3rd Cir. 1975), the evidence that Mr. Guidry applied for title to the cars pursuant to this statute in September 2014 established his **intent to possess the cars as owner** at that time. See LSA-C.C. arts. 3412 & Revision Comments—1982, comment (b); LSA-C.C. art. 3424.

Mr. Guidry's testimony established that when he applied for title to the cars in September 2014, the State issued him temporary titles. Moreover, while Mr. Guidry's certificates of title to the cars were not filed in support of his motion, the evidence that was submitted established that at the expiration of the one-year period, during which no one made an ownership claim to the cars, Mr. Guidry received title in September 2015. Moreover, Mr. Guidry continued to possess the green Porsche as owner in good faith, under an act sufficient to transfer ownership, without interruption until the time Mrs. Pollard filed this suit in June 2019, i.e., for a period in excess of three years. As such, Mr. Guidry produced factual support

---

[9]Pursuant to LSA-R.S. 32:707(M)(1), the Office of Motor Vehicles shall issue a certificate of title to an eligible applicant in good-faith possession of a vehicle provided that: (1) the vehicle is twenty-five years old or older; (2) the vehicle has not had its registration renewed in this state or any other state for a period of three years immediately prior to the application for the title; (3) the applicant has submitted a sworn affidavit or affidavits of two people attesting on their own personal knowledge that the vehicle has been abandoned for three or more years; and (4) the applicant has provided the Office of Motor Vehicles a statement from the State Police auto theft division confirming that based upon a check by photo or rub of a vehicle body identification plate, the vehicle is not listed as stolen. If at the end of one year after the application has been submitted, no one has proven ownership of the vehicle, the applicant shall be issued a certificate of title. LSA-R.S. 32:707(M)(2).

.

sufficient to find that he had acquired the green Porsche by three years acquisitive prescription pursuant to LSA-C.C. art. 3490.[10]

In opposition, Mrs. Pollard failed to demonstrate the existence of a genuine issue of material fact as to Mr. Guidry's ownership of the green Porsche by acquisitive prescription following Mr. Pollard's clear abandonment of the cars, Mr. Guidry's successful application for title to the cars, and his subsequent uninterrupted possession of the green Porsche as owner for three years. Accordingly, on *de novo* review, we likewise find no merit to Mrs. Pollard's argument that the trial court erred in rendering judgment in favor of Mr. Guidry declaring him to be the owner of the green Porsche.[11]

## CONCLUSION

For the above and foregoing reasons, the trial court's May 20, 2021 judgment, denying Mrs. Pollard's Motion for Partial Summary Judgment, granting Mr. Guidry's Motion for Summary Judgment, dismissing Mrs. Pollard's claims against Mr. Guidry with prejudice, declaring Mr. Guidry to be the owner of the 1965 Porsche 356C, VIN 161151, and further declaring that Mr. Guidry owes Mrs. Pollard nothing for the sale of the 1963 Porsche 356B coupe, VIN 124046, is hereby affirmed. Costs of this appeal are assessed against Mrs. Mary Fitzpatrick Pollard, as independent executor of the Succession of Otis Miles Pollard, Jr.

**AFFIRMED.**

---

[10]Notably, because Mr. Pollard's ownership of the cars was not established on summary judgment, the law of occupancy cannot apply to establish Mr. Guidry's ownership of the cars. See LSA-C.C. arts. 3412, 3418.

[11]Because Mr. Guidry had sold the black Porsche prior to the filing of this suit, the trial court's failure to render judgment declaring him to be the owner of that car was proper. Nonetheless, the dismissal of Mrs. Pollard's claims against Mr. Guidry together with the declaration that he owned the green Porsche and owed her nothing for the sale of the black Porsche fully resolved the claims between these parties.